## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CARLOS FRANCISCO JORDAN-SAGASTUME | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:08-cv-00077 |
| v. | ) | Judge Richard W. Roberts |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF CARLOS FRANCISCO JORDAN-SAGASTUME'S
### OPPOSITION TO DEFENDANT'S MOTION FOR AN OPEN AMERICA STAY

Plaintiff Carlos Franscisco Jordan-Sagastume ("Mr. Jordan-Sagastume") hereby opposes

Defendant United States Department of Homeland Security's ("DHS") Motion for an Open

America Stay, pursuant to 5 U.S.C. § 552(a)(6)(C) and *Open America v. Watergate Spec.*

*Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), in which DHS requests an additional two

months to cure its fundamental failure to respond to Mr. Jordan-Sagastume's Freedom of

Information Act ("FOIA") administrative appeal which necessitated and precipitated this

litigation.

### INTRODUCTION

DHS's Motion is the latest in a series of dilatory tactics in an action to compel the release

of a handful of the agency's records essential to Mr. Jordan-Sagastume's pending proceedings

before the Executive Office for Immigration Review (EOIR- Immigration Court). The Court

should not indulge the government's request to continue to postpone a decision by this honorable

Court on Mr. Jordan-Sagastume's entitlement to the records he seeks.

DHS initially took four months to respond to Mr. Jordan-Sagastume's FOIA request.

DHS' FOIA response resulted in the production of less than 200 pages. Mr. Jordan-Sagastume

promptly and timely filed his administrative appeal to which DHS failed to respond.  When Mr.
Jordan-Sagastume sought redress from this Court by bringing the instant action, DHS asked for
and received Plaintiff's consent to a 21-day courtesy extension to respond to the Complaint.
Now, more than eight months since Mr. Jordan-Sagastume's original request – and after the
Honorable Paul Wickam Schmidt, an Immigration Judge in Arlington, Virginia presiding over
Mr. Jordan-Sagastume's removal proceedings, has graciously delayed immigration proceedings
in deference to these proceedings in federal court– DHS asks this Court to delay proceedings for
an additional two months for purposes of reviewing only 11 full pages of withheld records and
partial redactions to 29 other pages.

Denial of DHS's motion is entirely appropriate considering the paucity of records at issue
in this action; the complete lack of reasonable diligence by DHS that their history of delays
reflect; and DHS's affirmative, unequivocal representation to the Plaintiff that it would respond
to the Complaint – without any suggestion that it would seek to stay this litigation – upon
expiration of the 21-day courtesy extension.   Mr. Jordan-Sagastume therefore respectfully
requests that this Court deny DHS's Motion For An *Open America* Stay and compel DHS to
respond to the Complaint within five days after the Court's ruling on this motion.

## BACKGROUND

On July 13, 2007, Plaintiff sent the U.S. Citizenship and Immigration Services National
Record Center an expedited FOIA request regarding Mr. Jordan-Sagastume's arrest and detention
the previous year.  *See* Compl. at ¶ 15.  DHS's deadline for responding to the FOIA request,
pursuant to 5 U.S.C. 552(a)(6)(A)(i), lapsed on August 10, 2007.  Over four months after the
date of the FOIA request, on November 28, 2007, DHS finally sent its response.  *See* Compl. at ¶
22.

In releasing some documents, DHS however withheld Mr. Jordan-Sagastume's apprehension record in its entirety, claiming those 11 pages were exempt from disclosure. *See* Compl. at ¶ 24. On December 10, 2007, after reviewing DHS's response to the FOIA request, Mr. Jordan-Sagastume appealed. *See* Compl. at ¶ 27. On January 7, 2008, DHS's deadline for responding to Mr. Jordan-Sagastume's appeal lapsed.

On January 15, 2008, Mr. Jordan-Sagastume filed his Complaint for Declaratory and Injunctive Relief initiating this litigation. Mr. Jordan-Sagastume requested that DHS conduct an adequate search for requested records and immediately release them. *See* Compl. at ¶¶ 1, 3. On March 7, 2008, the day Defendant's Answer was due and nearly eight months after the initial date of Mr. Jordan-Sagastume's FOIA request, DHS filed its motion for an *Open America* stay, seeking to still further delay these proceedings and an ultimate resolution of Mr. Jordan-Sagastume's FOIA request.

Meanwhile, as DHS is acutely aware, Mr. Jordan-Sagastume has removal proceedings pending before the Honorable Paul W. Schmidt of the United States Immigration Court in Arlington, Virginia. *See* Compl. ¶ 12. Judge Schmidt graciously granted multiple extensions in the Immigration Court proceedings to provide Mr. Jordan-Sagastume sufficient time to prepare and adequately defend himself in the removal proceedings. The pendency of this FOIA litigation is one of the bases Judge Schmidt has considered in granting these extensions. *See* September 4, 2007 Joint Motion for Continuance attached as Exhibit A; October 26, 2007 Motion for Continuance and Order attached as Exhibit B; December 10, 2007 Motion for Continuance attached as Exhibit C; and December 11, 2007 Order attached as Exhibit D.

## ARGUMENT

**I.      DHS Has Failed to Meet Its Burden For An *Open America* Stay**

3

### A.    The Standard For Granting An *Open America* Stay Is High

DHS fails to show that an *Open America* stay is appropriate in light of the record it has made in this case coupled with the urgency of Mr. Jordan Sagastume's pending immigration proceedings.  While this Court clearly has discretion to manage its own docket, generally, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 707, 708 (1997). Nonetheless, "[s]taying a case is an extraordinary measure." *Pelzer v. City of Philadelphia*, 2007 WL 1377662, *2 (E.D. Penn. May 7, 2007). The proponent "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Am. Honda Motor Co. v. Coast Distrib. Sys.*, Inc., 2007 WL 672521, *2 (N.D. Cal. Feb. 26, 2007) (citations omitted).

Contrary to the presumption underlying DHS's position in its motion papers, a stay of FOIA proceedings when an agency professes a burdensome backlog is hardly automatic. Rather, pursuant to D.C. Circuit precedent, an *Open America* stay may be only be granted: "(1) when an agency is burdened with an unanticipated number of FOIA requests; (2) when agency resources are inadequate to process the requests within the time limits set forth in the statute; (3) when the agency shows that it is exercising 'due diligence' in processing the requests; and (4) the agency shows reasonable progress in reducing its backlog of requests." *Electronic Frontier Foundation v. Dept. of Justice*, 517 F. Supp.2d 111, 120 (D.D.C. 2007) (citations omitted).  The agency, not the requester, has the burden to meet the stringent test.  *See Wilderness Society et al. v. United States Dept. of the Interior*, 2005 WL 3276256 (D.D.C. 2005) (failure of the agency to meet the necessary standards is grounds for denial of an *Open America* stay); *Mitsubishi Electr. Corp. et al. v. United States Dept. of Justice et al.*, 1976 WL 1310 (D.D.C. 1976) (agency entitled to *Open America* stay by sustaining its burden of showing "exceptional circumstances" and "due

diligence" in processing FOIA requests).

For example, in the case on which DHS relies, *Electronic Frontier Foundation*, EFF, a not-for profit corporation, filed a FOIA request with the Federal Bureau of Investigation ("FBI") seeking all agency records concerning its electronic surveillance systems. *Id*. at 113-114. In response, the FBI located approximately 20,000 pages of records. *Id.* at 114. Due to the volume of documents, the Court agreed to stay the proceedings for one (1) year, in accordance with the standards set for in *Open America*, to allow the FBI to evaluate whether the documents identified complied with EFF's FOIA request.. *Id.* The Court concluded that the FBI demonstrated due diligence in complying with the FOIA request because the search was on-going. *Id.* at 119-120. Specifically, the Court found the FBI's continued efforts to reduce the backlog and processing time for FOIA requests as well as its "first in, first out" policy of handling FOIA requests, was sufficient to show due diligence. *Id.* at 119.

DHS simply has not and cannot make a comparably compelling showing in this case that the FBI made to persuade the *Electronic Frontier Foundation* court to grant the stay. DHS's FOIA Response produced *only* a few hundred documents, including 11 pages relating to Mr. Jordan-Sagastume's arrest and detention which DHS withheld as being exempt from disclosure under 5 U.S.C. § (b)(2), (b)(5), (b)(7)(c) and (b)(7)(e). Thus, the time DHS expended in preparing its Motion, DHS instead could have forthrightly responded to the Complaint.

**C.    DHS Failed to Show Due Diligence**

Despite DHS' description of plans to eliminate delays in timely responding to Mr. Jordan-Sagastume's FOIA requests, DHS completely omits any reason for its failure to have previously responded to his appeal, which involves a very narrow set of issues. Indeed, in each of the cases DHS cites, before requesting a stay the government had identified massive amounts of

5

responsive documents and asked the court for additional time to determine which further documents were responsive to the requestor's FOIA requests. *See Electronic Frontier Foundation*, 517 F.Supp. 2d at 114 (granting *Open America* stay because FBI identified approximately 20,000 pages of records potentially responsive to EFF's request); e.g. *Edmonds v. Federal Bureau of Investigation*, 2002 WL 32539613 (D.D.C. 2002)(granting *Open America* stay because FBI demonstrated diligent processing of FOIA request by isolating and beginning review of 774 pages of responsive documents.)

    In stark contrast to a solid record of agency diligence, and a demonstrable plan for clearing the roadblocks that lead to FOIA backlogs, courts will reject requests for further delays where the government fails to make the appropriate record. *See e.g. Wilderness Society*, 2005 WL 3276256 * 10 (denying the government's six-month *Open America* stay on the grounds that "any further extension of the production timeline is simply unwarranted" because the record on the government's motion did not support it.)

    In this case, DHS has limited records to review – only 11 full pages, 29 partial pages – to timely comply with its statutory and regulatory obligations under FOIA.  The sheer lack of volume of the responsive documents belies any credible claim that an additional two months are warranted for "diligent" review of these materials.  For the foregoing reasons, DHS has not and cannot meet its stringent burden, and the request for an *Open America* stay should be denied.

    **D.    Even If DHS Can Demonstrate Due Diligence, Mr. Jordan-Sagastume's Urgent Request Outweighs DHS's Self-Professed Diligence**

    FOIA provides that agencies may be permitted time to process FOIA requests beyond that allotted by statute if the agency can show that "exceptional circumstances exist." 5 U.S.C. § 552(a)(6)(C)(i).  Even if an agency can show that 'exceptional circumstances' exist, a motion for an *Open America* stay may be denied if the requester can demonstrate an "exceptional need or

urgency" that his request be processed out of turn. *See Open America*, 547 F.2d at 516; *Aguilera v. FBI*, 941 F.Supp. 144, 149-52 (1996); *Electronic Frontier Foundation*, 517 F.Supp.2d at 118. "Traditionally, such a showing [is] made if the requester's life or personal safety, or *substantial due process rights*, would be jeopardized by the failure to process a request immediately." *Williams v. Federal Bureau of Investigation*, 2000 WL 1763680 *2 (D.D.C.2000) *quoting* Freedom of Information Act Guide And Privacy Act Overview, 549 (U.S. Department of Justice, May 2000)(emphasis added).

Here, Mr. Jordan-Sagastume's freedom is at stake. As a respondent in removal proceedings initiated by DHS, Mr. Jordan-Sagastume faces significant jeopardy of violation of his substantial regulatory and statutory rights under the Immigration and Nationality Act and procedural and substantive due process rights under the Fifth Amendment to the United States Constitution by DHS's protracted failure to process his FOIA request. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94, 121 S. Ct. 2491, 2500 (2001)(the Due Process Clause applies to all persons, including aliens whether lawful, unlawful, temporary or permanent). DHS acknowledges that the documents which are the subject of Mr. Jordan-Sagastume's FOIA requests are relevant to Mr. Jordan-Sagastume's pending removal proceedings. Mr. Jordan-Sagastume further contends that these specific documents are essential to his defense against removal, i.e., his motion to terminate proceedings based on a motion to suppress evidence of alienage since he was a victim of egregious racial profiling by DHS in violation of the Fourth Amendment to the United States Constitution.  DHS should not be permitted to continue to employ dilatory tactics as a strategy for prevailing in Mr. Jordan-Sagastume's removal proceedings and erroneous expulsion from the United States. *See Ins v. Lopez-Mendoza,* 468 U.S. 1032, 1048-49 (1984) (internal citations omitted).

Therefore, this Court should deny DHS' Motion seeking a two-month stay under the misleading guise of the four-prong test articulated in Open America stay. A court's award of an Open America stay is a powerful remedy and prerogative of the Court; one which should not be granted because the government claims that conducting an adequate search for responsive documents in Mr. Jordan-Sagastume's matter to be inconvenient.

## CONCLUSION

Instead of producing the requested documents within the 20 days provided for in the FOIA, 5 U.S.C. § 552(a)(6)(A)(i), DHS asks this Court to further delay production of the requested documents. After several months of unexcused delays, DHS has failed to establish any colorable justification for an additional two months to respond to Mr. Jordan-Sagastume's FOIA request. Further DHS's failure to timely and promptly produce the requested documents jeopardizes Mr. Jordan-Sagastume's preparation for his pending removal hearing before Immigration Judge Paul Wickam Schmidt in Arlington, Virginia. Pursuant to the spirit and letter of FOIA and in the interest of judicial economy, Mr. Jordan-Sagastume is entitled to have prompt judicial resolution of DHS's failure to produce the requested documents at present rather than at DHS' convenience at some indefinite time in the future.

Respectfully submitted,

**HOLLAND & KNIGHT, LLP**

By: ___/s/ Charles D. Tobin_____
Charles D. Tobin
2099 Pennsylvania Avenue, NW
Washington, D.C. 20007
Tel:    (202) 955-3000
Fax:    (202) 955-5564

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of March, 2008, I caused a copy of the foregoing Opposition to Defendant's Motion for Open America Stay to be sent by eservice to the following:

Brian P. Hudak, Esq.
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20007

_____/s/ Charles D Tobin_____
Charles D. Tobin

# Exhibit A

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | File No.: A00-021-787 |
| Carlos Francisco JORDAN-SAGASTUME | ) | |
| | ) | IN REMOVAL PROCEEDINGS |
| Respondent | ) | |
| | ) | |

## JOINT MOTION FOR CONTINUANCE OF BRIEFING DEADLINES

Pursuant to 8 C.F.R. § 1003.29, the parties come, by and through undersigned counsel, to respectfully move this Court to continue the July 12, 2007 Order (the "Scheduling Order") deadlines by forty-five (45) days.

### Background

On July 12, 2007 this Court entered the Scheduling Order that set the deadline for Respondent to file a motion to terminate for September 12, 2007, and the deadline for the Department of Homeland Security to file a response for November 9, 2007. In addition, this Court scheduled the hearing on Respondent's motion to be held on December 20, 2007.

The parties have diligently worked to comply with the deadlines under the Scheduling Order; however, for the following reasons, the parties request extra time to do so.

### The Motion

On July 13, 2007, Respondent sent an Expedited Freedom of Information Act Request to the U.S. Citizenship and Immigration Services National Record Center. The July 13, 2007 G-639 "Freedom of Information/Privacy Act Request" form and accompanying letter requested the release of the following documentation:

a)   Respondent's entire Alien "A" File. (A# 00-021-787), including but not limited to Respondent's "Apprehension Record," and I-213 record of deportable alien;

b)   all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) related to Respondents' arrest and detention on September 15, 2006 at 1000 Westpointe Drive, Apt #211, in Pittsburgh, PA; and

c)   all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) between the Department of Homeland Security and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on September 15, 2006.

To date, Respondent has not received documents responsive to the FOIA request. Without obtaining and reviewing these documents, Respondent may not have the ability to present adequate evidence in these proceedings.

The DHS has diligently worked to locate, review and compile responsive documents. Notwithstanding, the DHS has not completed its review and compilation of responsive documents, and the DHS needs additional time to do so.

WHEREFORE, for good cause shown, the parties jointly request that this Court enter an order extending the deadlines in the Scheduling Order by forty-five (45) days each, and for such other relief as this Court deems appropriate.

Dated: September 4, 2007

2

Respectfully submitted,

*[signature]*

Anita Snyder
Office of Chief Counsel
Immigration and Customs Enforcement
U.S. Department of Homeland Security
901 North Stuart Street
Seventh Floor
Arlington, VA 22203

*[signature]*

Christopher Nugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax: 202-955-5564
DC Bar Number: 489164

*Counsel for Respondent Carlos Francisco Jordan-Sagastume*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by first-class mail, postage prepaid this ___ day of September 2007, on:

Christopher Nugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006

*[signature]*

Anita Snyder

3

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| | ) | File No.: A00-021-787 |
| Carlos Francisco JORDAN SAGASTUME | ) | |
| | ) | IN REMOVAL PROCEEDINGS |
| Respondent | ) | |
| | ) | |

## ORDER GRANTING MOTION FOR CONTINUANCE

This cause came to be considered on the parties Joint Motion for Continuance of Briefing

Deadlines. For good cause shown, it is hereby

ORDERED and ADJUDGED that the Joint Motion is GRANTED and that the December

20, 2006 scheduling order is modified as follows:

1) Respondent's motion to terminate is due on or before October 29, 2007;

2) the DHS's response to Respondent's motion to terminate is due on or before December 26, 2007; and

3) the hearing on Respondent's motion to terminate shall be held on February 7 2008 10:00am

DONE and ORDERED in Arlington, Virginia, this 5th date of September 2007.

Paul W. Schmidt
Immigration Judge

Copies to:

Anita Snyder, Esq.
Christopher Nugent, Esq.

4

# Exhibit B

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

|  |  |  |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | File No.: A00-021-787 |
| Carlos Francisco JORDAN-SAGASTUME | ) | |
| | ) | IN REMOVAL PROCEEDINGS |
| Respondent | ) | |

## RESPONDENT'S MOTION FOR CONTINUANCE OF BRIEFING DEADLINES

Pursuant to 8 C.F.R. § 1003.29, Respondent Carlos Francisco Jordan-Sagastume comes, by and through undersigned counsel, to respectfully move this Court to continue the September 5, 2007 Order (the "Scheduling Order") deadlines by forty-five (45) days.

### Background

On July 12, 2007, this Court entered the Scheduling Order which set the deadline for Respondent to file a motion to terminate for September 12, 2007, and the deadline for the Department of Homeland Security to file a response for November 9, 2007. In addition, this Court scheduled the hearing on Respondent's motion to be held on December 20, 2007.

On September 4, 2007, the parties moved this Court to continue the briefing deadlines and the hearing date. The basis for the joint motion was that Respondent had not received documents responsive to an Expedited Freedom of Information Act request submitted to the U.S. Citizenship and Immigration Services National Record Center on July 13, 2007. At the time of the filing of the joint motion, the DHS had not completed its review and compilation of documents responsive to Respondent's FOIA request. Accordingly, on or about September 5, 2007, this Court granted the joint motion for continuance.

Pursuant to the Order Granting Motion for Continuance, this Court modified the Scheduling Order and set the deadline for Respondent to file a motion to terminate for October 29, 2007, and the deadline for the Department of Homeland Security to file a response for December 26, 2007. In addition, this Court scheduled the hearing on Respondent's motion to be held on February 7, 2008.

The parties have diligently worked to comply with the deadlines under the Scheduling Order; however, for the following reasons, the parties request extra time to do so.

## The Motion

As explained above, on July 13, 2007, Respondent sent an Expedited Freedom of Information Act Request to the U.S. Citizenship and Immigration Services National Record Center. The July 13, 2007 G-639 "Freedom of Information/Privacy Act Request" form and accompanying letter requested the release of the following documentation:

a)  Respondent's entire Alien "A" File. (A# 00-021-787), including but not limited to Respondent's "Apprehension Record," and I-213 record of deportable alien;

b)  all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) related to Respondents' arrest and detention on September 15, 2006 at 1000 Westpointe Drive, Apt #211, in Pittsburgh, PA; and

c)  all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) between the Department of Homeland Security and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on September 15, 2006.

To date, Respondent has still not received documents responsive to the FOIA request. Without obtaining and reviewing these documents, Respondent may not have the ability to present adequate evidence in these proceedings.

2

Upon information and belief, the DHS has diligently worked to locate, review and compile responsive documents. In addition, in an attempt to avoid delay, Respondent's counsel has followed up with the DHS and asked the DHS to provide expedited treatment to Respondent's FOIA request. Notwithstanding, to date, the DHS has still not provided Respondent with responsive documents, and Respondent needs additional time to continue its efforts to obtain responsive documents from the DHS.

Respondent's counsel certifies that it has made repeated attempts (via telephone and email) to confer with counsel for the DHS regarding this motion, but, to date, Respondent's counsel has been unable to confer with counsel for the DHS regarding this motion.

WHEREFORE, for good cause shown, Respondent respectfully requests that this Court enter an order extending the deadlines in the Scheduling Order by forty-five (45) days each, and for such other relief as this Court deems appropriate.

Dated: October 26, 2007

Respectfully submitted,

Christopher Nugent /S.T.
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax: 202-955-5564
DC Bar Number: 489164

*Pro Bono Counsel for Respondent Carlos Francisco Jordan-Sagastume*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by first-class mail, postage prepaid this 26 day of October 2007, on:

Anita Snyder
Office of Chief Counsel
Immigration and Customs Enforcement
U.S. Department of Homeland Security
901 North Stuart Street
Seventh Floor
Arlington, VA 22203

Christopher Nugent /S.T.
Christopher Nugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax: 202-955-5564
DC Bar Number: 489164

4

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

IN THE MATTER OF:                              )
                                               )
        Carlos Francisco JORDAN-SAGASTUME      )    File No.: A00-021-787
                                               )
        Respondent                             )    IN REMOVAL PROCEEDINGS
                                               )
                                               )

## ORDER GRANTING RESPONDENT'S MOTION FOR CONTINUANCE

This cause came to be considered on the Respondent's Motion for Continuance of

Briefing Deadlines. For good cause shown, it is hereby

ORDERED and ADJUDGED that the Joint Motion is GRANTED and that the September

5, 2007 scheduling order is modified as follows:

1) Respondent's motion to terminate is due on or before December 13, 2007;

2) the DHS's response to Respondent's motion to terminate is due on or before February 11, 2008; and

3) the hearing on Respondent's motion to terminate shall be held on March 20, 2008.

DONE and ORDERED in Arlington, Virginia, this ___ date of _____ 2007.

Paul W. Schmidt
Immigration Judge

Copies to:

Anita Snyder, Esq.
Christopher Nugent, Esq.

# 4887072_v1

Page 4

# Exhibit C

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT  •&>
ARLINGTON, VIRGINIA

IN THE MATTER OF:                          )
                                           )
    Carlos Francisco JORDAN-SAGASTUME      )    FileNo.:AOO-02igsr/"      <£
                                           )           ^
    C:        Respondent                   )    IN REMOVAL PROCEEDINGS
                                           )
                                           )

**RESPONDENT'S MOTION FOR CONTINUANCE OF BRIEFING DEADLINES**

Pursuant to 8 C.F.R. § 1003.29, Respondent Carlos Francisco Jordan-Sagastume comes,

by and through undersigned *pro hono* counsel, to respectfully move this Court to continue the

November 7, 2007 Order (the "Scheduling Order") deadlines by forty-five (45) days.

<u>Background</u>

On July 12, 2007, this Court entered the Scheduling Order which set the hearing date and

the briefing deadlines in the above-captioned matter.  On September 4, 2007, the parties moved

this Court to continue the briefing deadlines and the hearing date.  The basis for the joint motion

was that Respondent had not received documents responsive to an Expedited Freedom of

Information Act request submitted to the U.S. Citizenship and Immigration Services National

Record Center on July 13, 2007.  At the time of the filing of the joint motion, the DHS had not

completed its review and compilation of documents responsive to Respondent's FOIA request.

Accordingly, on or about September 5, 2007, this Court granted the joint motion for continuance

and set a new hearing date and new briefing deadlines.

On October 26, 2007, the parties again moved this Court to continue the briefing

deadlines and the hearing date on the same grounds as the first motion (i.e., the DHS had not

completed its review and compilation of documents responsive to Respondent's FOIA request). On or November 7, 2007, this Court granted the second joint motion for continuance and modified the Scheduling Order by setting the deadline for Respondent to file a motion to terminate for December 13, 2007, the deadline for the Department of Homeland Security to file a response for February 11, 2008, and the hearing on Respondent's motion to be held on March 20, 2008.

Respondent has diligently worked to comply with the deadlines under the Scheduling Order; however, for the following reasons, Respondent respectfully requests and needs additional time to do so given DHS' inadequate FOIA response.

<u>The Motion</u>

As explained above, on July 13, 2007, Respondent sent an Expedited Freedom of Information Act Request to the U.S. Citizenship and Immigration Services National Record Center. The July 13, 2007 G-639 "Freedom of Information/Privacy Act Request" form and accompanying letter requested the release of the following documentation:

a)    Respondent's entire Alien "A" File. (A# 00-021-787), including but not limited to Respondent's "Apprehension Record," and 1-213 record of deportable alien;

b)    all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) related to Respondents' arrest and detention on September 15, 2006 at 1000 Westpointe Drive, Apt #211, in Pittsburgh, PA; and

c)    all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) between the Department of Homeland Security and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on September 15, 2006.

After waiting almost five months, on December 4, 2007, Respondent finally received 172 pages of documents from the DHS purportedly responsive to the FOIA request. Many of the

documents, however, contain redactions of what appears to be pertinent information, and eleven pages of documents are redacted in their entirety. *See* DHS correspondence dated November 28th, 2007 attached hereto as Exhibit "A". This was received by counsel on December 4, 2007. *See* Affidavit of Christopher Nugent attached hereto as Exhibit "B".

Accordingly, on December 10, 2007, Respondent diligently submitted an administrative appeal of the DHS's decision to redact certain documents including withholding eleven pages of documents *in toto* which were responsive to the FOIA request. *See* Administrative Appeal attached hereto as Exhibit "C". In its appeal, Respondent reminds DHS that FOIA requires full disclosure as a necessary ingredient for public participation. *See Stone v F.B.L,* 727 F. Supp. 662, 666 (D.D.C. 1990). Indeed, it has been stated that the purpose of FOIA is to "pierce the veil of administrative secrecy and open agency action to the light of public scrutiny .. . FOIA reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *See Nat'l Ass'n of Home Builders v. Norton,* 309 F.3d 26 (D.C. Cir. 2002).

The DHS unfortunately has failed to provide full disclosure contrary to the spirit of FOIA. Specifically, the DHS failed to provide any of the reasonably segregable portions of the eleven pages of records in question as required by 5 U.S.C. § 552(b), providing that "[a]ny reasonably segregable portion of a record shall be provided to any requesting such record after deletion of the portions which are exempt under this subsection." It defies logic that none of the eleven pages of records in question contained any segregable, releasable information even accounting for the need for redactions.

In addition, among other things, Respondent is concerned about the adequacy of the underlying search procedures implemented by the DHS. The letter and spirit of FOIA demands

reasonably calculated search procedures to produce relevant documents and document production, conducted in good faith. The DHS has fulfilled neither the letter nor the spirit of this vital statute. Indeed, Respondent is aware of numerous electronic communications between undersigned counsel and counsel for the DHS that surprisingly were not included in the FOIA response. *See* Exhibit B.

Respondent needs the opportunity to receive and review a complete DHS file. Indeed, the documents obtained from the DHS thus far appear to contain information inconsistent with the actual state and federal law enforcement actors and sequence of events that lead to the wrongful arrest of Respondent arguably based on racial profiling in violation of the Fourth Amendment to the United States Constitution. Without the opportunity to obtain and review a more complete DHS file, Respondent will not have the ability to present adequate evidence these proceedings pursuant to his rights under the United States Constitution, the Immigration and Nationality Act and federal regulations to present evidence in his defense in these administrative immigration removal proceedings. Accordingly, Respondent respectfully requests the continuance of the November 7, 2007 Scheduling Order in order to have adequate time to continue its efforts to obtain necessary, responsive documents from the DHS. The Court and opposing counsel also should realize that Respondent is ready and prepared to bring federal litigation under FOIA if DHS does not commit to expediting the adjudication of its administrative appeal in order to comply with the Immigration Court's deadlines.

On December 10, 2007, undersigned counsel duly notified DHS ICE counsel Silvia Wang acting as duty attorney in Arlington, VA of this motion and awaits to hear DHS[1] position.

WHEREFORE, for requisite good cause shown, Respondent respectfully requests that this Court enter an order extending the deadlines in the Scheduling Order by forty-five (45) days each, and for such other relief as this Court deems appropriate.

Dated: December 10,2007

5

Respectfully submitted,

Christopher Nugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax: 202-955-5564
DC Bar Number: 489164

*Pro Bono Counsel for Respondent Carlos Francisco Jordan-Sagastume*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a toe and correct copy of the foregoing to be served by first-class mail; postage prepaid this \^_ aay of December 2007, on:

Silvia Wang
Office of Chief Counsel
Immigration and Customs Enforcement
U.S. Department of Homeland Security
901 North Stuart Street
Seventh Floor
Arlington, VA 22203

Christopher Nugent

6

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**ARLINGTON, VIRGINIA**

|                                             |     |                              |
|---------------------------------------------|-----|------------------------------|
| IN THE MATTER OF:                           | )   |                              |
|                                             | )   |                              |
|                                             | )   | File No.: AOO-021-787        |
| Carlos Francisco JORDAN-SAGASTUME           | )   |                              |
|                                             | )   | IN REMOVAL PROCEEDINGS       |
| Respondent                                  | )   |                              |
|                                             | )   |                              |

### ORDER GRANTING RESPONDENT'S MOTION FOR CONTINUANCE

This cause came to be considered on the Respondent's Motion for Continuance of Briefing Deadlines. For good cause shown, it is hereby

ORDERED and ADJUDGED that the Joint Motion is GRANTED and that the November 7, 2007 scheduling order is modified as follows:

1) Respondent's motion to terminate is due on or before January 28, 2008;

2) the DHS's response to Respondent's motion to terminate is due on or before March 27, 2008; and

3) the hearing on Respondent's motion to terminate shall be held on May 5, 2008.

DONE and ORDERED in Arlington, Virginia, this _ date of _ 2007.

_____
Paul W. Schmidt
Immigration Judge

Copies to:

Silvia Wang, DHS ICE Office of Chief Counsel
Christopher Nugent, Esq.

#4988919_vl

7

UNITED STATES **DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**ARLINGTON, VIRGINIA**

|  |  |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| | ) File No.: AOO-021-787 |
| Carlos Francisco JORDAN-SAGASTUME | ) |
| | ) IN REMOVAL PROCEEDINGS |
| Respondent | ) |
| | ) |

## **Table of Exhibits**

| Tab A | FOIA Response | Pages | \ - 2- |
|---|---|---|---|
| Tab B | Affidavit of Christopher Nugent | Pages | ? ' H |
| Tab C | Expedited Notice of Freedom of Information Act Appeal | Pages | S • H 3 |

EXHIBIT A2



U.S. Department of Homeland Security
P.O. Box 6*8010
Lee's Summit, MO 64064-S010

U.S. Citizenship
and Immigration
Services

November 28, 2007

**NRC2007050618**

Christopher Nugent
Attorney at Law
2099 Pennsylvania Ave NW Ste 100
Washington DC 20006-680)

Dear Christopher Nugent:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office July 30, 2007, regarding Carlos Francisco Jordan Sagastume.

We have completed the review of all documents and have identified 172 pages which are responsive to your request. Enclosed are 132 pages released in their entirety, and 29 pages released in part. We are withholding 11 pages in full. In our review of these pages we have determined that they contain no reasonably segrcgableportion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

- Exemption (b)(2) provides protection for records that arc related solely to the internal personnel rules and practices of an agency. The types of documents and/or information we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

- Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

- Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

NRC2007050618

  4- Exemption (b)(7)(C) provides protection for personal information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals. The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

  4. Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

The enclosed record consists of the best reproducible copies available. Certain case law documents included in the file appear to have blacked out portions. These blacked out portions are not a result of exempt information under the FOIA, but are the result of highlighting that produced a blackened area when photocopied.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 111 Massachusetts Avc., NW, Washington, DC 20529, within 60 days of receipt of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act. If you have questions or wish to submit documentation relating to a pending matter, you must address these issues with your nearest district office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

Exhibit

B

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**UNITED STATES IMMIGRATION COURT**
**ARLINGTON, VIRGINIA**

|  |  |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| | ) File No. ; AOO-02 1-787 |
| Carlos Francisco JORDAN-SAGASTUME | ) |
| | ) IN REMOVAL PROCEEDINGS |
| Respondent | ) |
| | ) |

**AFFIDAVIT OF CHRISTOPHER NUGENT**

I, Christopher Nugent, hereby depose under penalty of perjury under the laws of the United States that the following statements are true and correct to the best of my knowledge and recollection:

1. I am a licensed attorney at law admitted to practice before this court and am counsel for the Respondent with the law firm of Holland & Knight LLP;

2. This affidavit is in support of Respondent's FOIA Request Appeal and his Motion for Continuance dated December 10, 2007;

3. Attached hereto as Exhibit A is a true and correct copy of the U.S. Department of Homeland Security's (DHS) Response to our initial FOIA Request letter, dated November 28, 2007, which was received by this office on December 4, 2007;

4. Attached hereto as Exhibit B is a true and correct copy of the original FOIA Request letter prepared by my office dated July 13, 2007;

5. Attached hereto as Exhibit C is a chart that I prepared describing in detail the page numbers withheld as well as the exemptions cited by DHS to withhold them;

6. Attached hereto as Exhibit D are true and correct copies of three email communications between myself and the Immigration and Customs Enforcement Arlington, VA trial attorney, Anita Snyder, of the U.S. Department of Homeland Security dated September 13, 2007, September 13, 2007, and September 25, 2007, respectively; and

7. Attached hereto as Exhibit E is a true and correct copy of pages 101-102 of DHS' production of documents in response to my initial July 13, 2007 FOIA Request dated November 28, 2007, which is an email dated September 4, 2007, from Christopher Nugent to Anita Snyder titled "22 illegal immigrants arrested in local sweep."

8. On December 10,2007, counsel contacted Ms. Silvia Wang, DHS/ICE Arlington VA Duty Attorney alerting her of our intention to file this motion but have not heard back from her.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and that I have executed this declaration at Washington, D.C. this tenth day of December, 2007.

ChristopheFNugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax:  202-955-5564
DC Bar Number: 489164

*Pro Bono Counsel for Respondent Carlos Francisco Jordan-Sagastume*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a true and correct copy of the foregoing to be served by hand-delivery this V-⁰ᵛ day of December 2007, on:

Sylvia Wang
Office of Chief Counsel
Immigration and Customs Enforcement
U.S. Department of Homeland Security
901 North Stuart Street
Seventh Floor
Arlington, VA 22203

Christopher Nugent

#4989114_vl

2

4



# HollandoKnight

Tel  202 955 3000
Fax 202 955 5564

Holland & Knight LLP
2099 Pennsylvania Avenue. N.W.. Suite 100
Washington. D.C. 2000A-6801
www.hklaw.com

Christopher Nugent
2024192423
christopher.nugent@hklaw.com

December. 10,2007

**VIA HAND-DELIVERY**
United States Citizens and Immigration Service
FOIA/PA Appeals
1.11 Massachusetts Ave. NW, Second Floor
Washington, DC 20529

> Re: *Expedited Notice of Freedom of Information Act Appeal*
> Mr. Carlos Francisco Jordan Sagastume
> NRC2007050618

Dear Appeal Officer:

Holland & Knight LLP ("Holland & Knight"), pursuant to the Freedom of Information Act, as amended, 5 U.S.C. § 552 ("FOIA"), on behalf of our *pro bono* client Mr. Carlos Francisco Jordan Sagastume, hereby submits this appeal of the decision dated November 28, 2007 of the Department of Homeland Security ("DHS") attached hereto as Exhibit A, which was in response to the FOIA request submitted by undersigned *pro bono* counsel on July 13, 2007 seeking all information possessed by the Department regarding the DHS apprehension of Mr. Carlos Francisco Jordan Sagastume, AOO-021-787 on September 15, 2006. Specifically, we requested the following documentation:

a)   Respondent's entire Alien "A" File. (A# 00-021-787), including but not limited to Respondent's "Apprehension Record," and 1-213 record of deportable alien;

b)   all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) related to Respondents' arrest and detention on September 15, 2006, at 1000 Westpointe Drive, Apt #211, in Pittsburgh, PA; and

c)   all documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) between the Department of Homeland Security and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on September 15,

*5*

FOIA/PA Appeals
December 10, 2007
Page 2

2006.  *See* FOIA Request letter dated July 13, 2007 attached hereto as Exhibits.

However, DHS has refused to provide unredacted copies of 11 pages of Mr. Jordan-Sagastume's file. This appeal is filed within sixty days of receiving DHS[1] response on Tuesday December 4, 2007.

We respectfully seek expedited processing for this request on the grounds that a compelling need exists.  Mr. Jordan-Sagastume is currently in immigration removal proceedings before Immigration Judge Paul W. Schmidt in Arlington, VA.  He needed the requested "A" file and other documents in order to meet an Executive Office for Immigration Review - "Immigration Court" filing deadline on **December 13**, 2007.  Without these documents, Mr. Jordan-Sagastume will be unable to comply with the deadline, necessitating a continuance in the interest of judicial economy but at needless taxpayer expense.  The compelling need of Mr. Jordan-Sagastume to meet his Immigration Court deadlines warrants the expedited processing of this request.  As you know, the statute affords us the right to pursue federal judicial review if we have not received a response within 20 days of filing the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(A)(i).

After review of the released documents, we respectfully appeal DHS' decision and release of documents including but not limited to the withholding (via redaction) a total of 11 pages of our client Mr. Jordan-Sagastume's records in their entirety.  *See* chart indicating the relevant page numbers., numbers of pages withheld in full and exemptions cited attached hereto for your convenience as Exhibit C.  We **in fact count 13 pages redacted in their entirety, 2 of which, pages 118 and 142 appear unintelligible but do not include any redactions as required under FOIA.**

As you are aware, the Freedom of Information Act (FOIA) requires full disclosure as a necessary ingredient for public participation.  *See Stone v F.B.I., 727* F.Supp.662,666 (D.D.C.1990),  It has been stated that the purpose of FOIA is to "pierce the veil of administrative secrecy and open agency action to the light of public scrutiny.. .FOIA reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language," *See National Association of Home Builders* v, *Norton,* 309 F.3d 26 (D.C.Cir,2002).

As our first ground for appeal, we respectfully contend that by withholding 11 pages of records in their entirety, DHS has failed to provide full disclosure contrary to the spirit of FOIA.  Specifically, DHS failed to provide any of the reasonably segregable portions of the 11 pages of records in question as required by 5 U.S.C. § 552(b), providing that "Any reasonably segregable portion of a record shall be provided to any requesting such record after deletion of the portions which are exempt under this subsection."  It defies logic that none of the 11 pages of records in question contained any segregable, releasable information even accounting for the need for redactions.

As our second and related ground for appeal, we challenge DHS' improper use *of* exemptions to withhold the 11 pages of records in their entirety (and for their related failure to identify any exemptions for pages 118 and 142 which appear unintelligible). DHS invokes a wide variety of exemptions under 5 U.S.C. 552 § (b)(2), (b)(5), (b)(7)(c) and (b)(7)(e) to justify withholding the records in their entirety. However, DHS has failed to provide a sufficient basis to assert any of these exemptions. Indeed, DHS has failed to provide any explanation as to how the withholding of a particular document in its entirety correlates specifically and unambiguously to a corresponding exemption. Absent an index under *Vaughn* v. *Rosen,* 484 F.2d 820 (D.C. Cir. 1973) or a suitable equivalent, let alone DHS' release of reasonably segregable portions of the 11 pages of records in question with corresponding redactions, we are left to guess as to the specific basis for the redaction of the document *in toto* and therefore cannot fully address whether the redaction was in fact justified by the corresponding exemption(s). Thus, by withholding 11 pages of records in their entirety, in a veritable sleight of hand, DHS has effectively vitiated our ability to contest the exemptions invoked in this administrative appeal in contravention of our statutory and regulatory rights under FOIA and our due process rights under the Fifth Amendment to the United States Constitution.

Our third ground for appeal is based on the lack of adequate search procedures pursuant to our initial request. The letter and spirit of FOIA demands reasonably calculated search procedures to produce relevant documents and document production, conducted in good faith. DHS fulfills neither the letter nor the spirit of this vital statute. Attached as Exhibit D are repeated electronic communications with the Immigration and Customs Enforcement Arlington, VA trial attorney Anita Snyder of the U.S. Department of Homeland Security dating from September 13-25, 2007, that inexplicably were not included in the FOIA response received from DHS on November 28$_5$ 2007.

If the sufficiency of a search is challenged, the government must demonstrate beyond material doubt that the search was reasonable and calculated to uncover all relevant documents. *Kronberg v. Department of Justice,* 875 F. Supp. 861, 869 (D.D.C.1995). *See* also *Truitt v. Department of State,* 897 F.2d 540, 542 (D.C. Cir. 1990); *Weisberg v. Department of Justice,* 705 F.2d 1344,1351 (D.C. Cir. 1983); *Campbell v. Department of Justice,* 164 F.3d 20, 27 (D.C. Cir, 1998), The agency must make a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested. *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990). While the agency is not required to search every record system, nor to do a perfect search per *Truitt* v. *Dept. of State,* 897 F.2d 540, 542-45 (D.C. Cir. 1990); *sa&Metropol v. Meese,* 790 F.2d 942, 956 (1986), the agency will be held to a standard of reasonableness, accounting for the prevailing circumstances. *Truitt at 542; Kronberg v. Dept. of Justice,* 875 F.Supp. 861, 869 (D.D.C.1995).

Communications such as these found in Exhibit D fall well within the standard of "reasonableness," considering that counsel's own email dated September 4, 2007 to Ms. Snyder were included in the production. *See* attached hereto at Exhibit E, pages 101-102 of DHS' production. This blatant, unexplained omission of communications from DHS to undersigned counsel casts significant doubt that DHS has implored adequate and sufficient search procedures, particularly since the production did not include all documents, memoranda, and correspondence

FOIA/PA Appeals
December 10, 2007
Page 4

(including emails and documents memorializing telephone conversations) between the Department of Homeland Security and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on September 15, 2006. Based on this fact and the vital need for us to know what type of information is being withheld, we respectfully appeal DHS[1] decision to withhold these 11 pages of documents and request that the initial FOIA request be conducted *de novo* to produce all unredacted documents, memoranda, and correspondence (including emails and documents memorializing telephone conversations) related to Respondents' arrest and detention on September 15, 2006 at 1000 Westpointe Drive, Apt #211, in Pittsburgh, PA.

If you have any questions about this request, I can be reached by phone at 202/419-2428 or email at christopher.nugent@hklaw.com. Thank you in advance for your prompt attention to this matter.

Sincerely

**Holland & Knight LLP**

Christopher Nugent

Enclosures: Exhibits A-C

#4987603_v3

UNITED STATES CITIZENS AND IMMIGRATION SERVICES
FOIA/PA APPEALS
WASHINGTON, DC

| | |
|---|---|
| IN THE MATTER OF: | ) |
| | ) |
| | )   FileNo.:NRC200750618 |
| Carlos Francisco JORDAN-SAGASTUME | ) |
| | ) |

AFFIDAVIT OF CHRISTOPHER NUGENT

I, Christopher Nugent, hereby depose under penalty of perjury under the laws of the United States that the following statements are true and correct to the best of ray knowledge and recollection:

1 .  I am a licensed attorney at law admitted to practice before this court and am counsel for the Respondent with the law firm of Holland & Knight LLP;

2.  This affidavit is in support of Respondent's FOIA Request Appeal and his Motion for Continuance dated December 10, 2007;

3.  Attached hereto as Exhibit A is a true and correct copy of the U.S. Department of Homeland Security's (DHS) Response to our initial FOIA Request letter, dated November 28, 2007, which was received by this office on December 4, 2007;

4.  Attached hereto as Exhibit B is a true and correct copy of the original FOIA Request letter prepared by my office dated July 13, 2007;

5.  Attached hereto as Exhibit C is a chart that I prepared describing in detail the page numbers withheld as well as the exemptions cited by DHS to withhold them;

6.  Attached hereto as Exhibit D are true and correct copies of three email communications between myself and the Immigration and Customs Enforcement Arlington, VA trial attorney, Anita Snyder, of the U.S. Department of Homeland Security dated September 13, 2007, September 13, 2007, and September 25, 2007, respectively; and

7.  Attached hereto as Exhibit E is a true and correct copy of pages 1 01 - 1 02 of DHS[1] production of documents in response to my initial July 13, 2007 FOIA Request dated November 28, 2007, which is an email dated September 4, 2007, from Christopher Nugent to Anita Snyder titled "22 illegal immigrants arrested in local sweep."

8.   On December 10, 2007, counsel contacted Ms. Silvia Wang, DHS/ICE Arlington VA Duty Attorney alerting her of our intention to file this motion but have not heard back from her.

G

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and that I have executed this declaration at Washington, D.C. this tenth day of December, 2007.

Christopher Nugent
Holland & Knight LLP
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006
Office: 202-419-2428
Fax: 202-955-5564
DC Bar Number. 489164

*Pro Bono Counsel for Respondent Carlos Francisco Jordan-Sagastume*

2

# Exhibit A

U.S. Department of Homeland Security
P.O. Box 648010
Let's Summit, MO 64064-8010



US. Citizenship
and Immigration
Services

November 28, 2007

NRC2007050618

Christopher Nugent
Attorney at Law
2099 Pennsylvania Ave NW Ste 100
Washington DC 20006-6801

Dear Christopher Nugent:

This is in response to your Freedom of Information Act/Privacy Act (FOIA/PA) request received in this office July 30, 2007, regarding Carlos Francisco Jordan Sagastume.

We have completed the review of all documents and have identified 172 pages which are responsive to your request. Enclosed are 132 pages released in their entirety, and 29 pages released in part. We are withholding 11 pages in full. In our review of these pages we have determined that they contain no reasonably segregable portion(s) of non-exempt information. We have reviewed and have determined to release all information except those portions that are exempt pursuant to 5 U.S.C. § 552 (b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(E) of the FOIA.

- Exemption (b)(2) provides protection for records that are related solely to the internal personnel rules and practices of an agency. The types of documents and/or information we have withheld under this exemption may relate to internal matters of a relatively trivial nature, such as internal personnel rules and practices which could consist of employee identification codes, computer login codes, policies regarding the use of parking facilities and break rooms, employee leave policies and dress codes or internal matters of a more substantial nature, the disclosure of which would risk circumvention of a legal requirement, such as operating rules, guidelines and manuals of procedures for examiners or adjudicators.

- Exemption (b)(5) provides protection for inter-agency or intra-agency memoranda or letters, which would not be available by law to a party other than an agency in litigation with the agency. The types of documents and/or information we have withheld under this exemption may consist of documents containing predecisional information, documents or other memoranda prepared in contemplation of litigation, or confidential communications between attorney and client.

- Exemption (b)(6) permits the government to withhold all information about individuals in personnel, medical and similar files where the disclosure of such information would constitute a clearly unwarranted invasion of personal privacy. The types of documents and/or information we have withheld may consist of birth certificates, naturalization certificates, drivers license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal.

NRC2007050506I8

    4-   Exemption (b)(7)(C) provides protection for persona! information in law enforcement records, which could reasonably be expected to constitute an unwarranted invasion of personal privacy. We have withheld various information relating to third-party individuals,  The types of documents and/or information we have withheld could consist of names, addresses, identification numbers, telephone numbers, fax numbers, or various other documents that are considered personal.

    4   Exemption (b)(7)(E) provides protection for records or information for law enforcement purposes which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  The types of documents and/or information we have withheld could consist of law enforcement systems checks, manuals, checkpoint locations, surveillance techniques, and various other documents.

The enclosed record consists of the best reproducible copies available.  Certain case law documents included in the file appear to have blacked out portions.  These blacked out portions are not a result of exempt information under the FOIA, but are the result of highlighting that produced a blackened area when photocopied.

If you wish to appeal this determination, you may write to the USCIS FOIA/PA Appeals Office, 1 1 1 Massachusetts Avc., NW, Washington, DC 20529, within 60 days of receipt of this letter.  Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

The National Records Center does not process petitions, applications or any other type of benefit under the Immigration and Nationality Act.  If you have questions or wish to submit documentation relating to a pending matter, you must address these issues with your nearest district office.

If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at (816) 350-5570 or fax any correspondence to (816) 350-5785.

Sincerely,

T. Diane Cejka
Director

Enclosure(s)

# Exhibit B

14

# Holland+Knight

Tel  202 955 3000
Fax  202 955 5544

Holland & Knight LLP
20?9 Pennsylvania Avenue. N.W.. Suite 100
Washington. D.C.  20004
www.hklaw.com

Christopher Nugent
202 4)9  2428
cnrislopher.hugent@nklaw.com

My  13,2007

Department of Homeland Security
U.S. Citizen and Immigration Services
National Record Center (NRC)
P.O. Box 648010
Lee's Summit, MO 64064-8010

> Re:    *Expedited Freedom of Information/Privacy Act Request* to the Department of
> Homeland Security U.S. Citizenship and Immigration Services, concerning Carlos
> Francisco Jordan-Sagastume's Alien File  (DHS A# 00-021-787) and any other
> information about his arrest on September 15,2006.

Dear Public Information Officer;

This is a formal request for information pursuant to the Freedom of Information Act.
Please find attached 1) form G-28, "Notice of Entry of Appearance as Attorney or
Representative" and 2) form 6-639, Freedom of Information/Privacy Act Request.  As indicated
on attached form G-639, we are requesting copies of the following:

«   Carlos Francisco Jordan-Sagastume's entire Alien "A" File. (A# 00-021 -787), including
    but not limited to Mr. Jordan-Sagasturoe's "Apprehension Record," and 1-213 record of
    deportable alien.

•   All documents, memoranda, and correspondence (including emails and documents
    memorializing telephone conversations) related to Mr. Jordan-Sagastume's arrest and
    detention on September 15, 2006 at 1000 Westpointe Drive, Apt #213 in Pittsburgh, PA,

•   All documents, memoranda, and correspondence (including emails and documents
    memorializing telephone conversations) between the Department of Homeland Security
    and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on
    September 15, 2006.

The Freedom of Information Act provides that if some parts of a requested document are
exempt, "reasonably segregable" portions shall be provided.  See 5 U.S.C. § 552(b).
Consequently, if you determine that some or all of the information we have requested is exempt,
please specify the exemption you believe applies and provide me a copy of the remainder of the
information.  We reserve the right to appeal any such decisions.

1 5

Department of Homeland Security
July 13, 2007
Page 2

     We are prepared to pay reasonable costs for locating the requested material and reproducing it. If, however, the cost of location and reproduction exceeds $150.00 please contact us so that we can make arrangements to view document and determine which we want copied.

     We respectfully seek expedited processing for this request on the grounds that a compelling need exists. Mr. Jprdan-Sagastume is currently in immigration removal proceedings before Immigration Judge Paul W. Schmidt in Arlington, VA, He needs the requested "A" file and other documents in order to meet an Executive Office for Immigration Review - "Immigration Court" filing deadline on September 10,2007. Without these documents, Mr. Jordan-Sagastume will be unable to comply with the deadline, necessitating a continuance at needless taxpayer expense. The compelling need of Mr. Jordan-Sagastume to meet his Immigration Court deadline warrants the expedited processing of this request. As you know, the statute affords us the right to pursue federal judicial review if we have not received a response within 20 days of filing the request. See 5 U.S.C. § 552(a)(6)(A)(i).

     We further note that provision of the information requested on the G-639 form is voluntary. We have provided all information needed by USCIS to comply with this request for Mr, Jordan-Sagastume's "A" file and all information regarding his arrest and detention.

     If you have any questions about this request, I can be reached by phone at 202/419-2428 or email at christopher,nugent@hklaw.com. Thank you in advance for your prompt attention to this matter.

                       Sincerely

                       Holland & Knight LLP

                       Christopher Nugent

Enclosures

(1) G-28 "Notice of Entry of Appearance as Attorney or Representative"
(2) G-639 "Freedom of Information/Privacy Act Request"

r r

U.S. Department **of Justice**
Immigration and Naturalization Service

Notice of Entry of Appearance
as Attorney or Representative

Appearances - An appearance shall be filed on this fotta by the attorney or representative appearing in each case, Thereafter, substitution nuy be permitted upon the written withdrawal of the attorney or representative of record or upon notification of lbe new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a leprcsentiHon that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be reqiiircd. Availability of Record* - During the time a case is ptndiag, and except as otherwise provided in 8 CFR 1 Q3.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies o[ Service records or information therefrom and copies of documents or transcripts of evidence turnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered Upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free OR loan; howcver,illi6y shall be made available for copying or purchase preppies as provided in 8 CFR 103.10.

| In re:  Carlos Francisco Jordan Sagastume | Date:  7/12/2007 |
|---|---|
| | File No. A 00-021-787 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Nwue:  Carlos Francisco Jordan-Sagastume | D Petitioner          Q Applicant |
|---|---|
| | D Beneficiary |

| Address: (Apt. No.)          (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|
| 769 Cordell Way | Herndon | VA | 20170-4477 |

| Name; | D Petitioner          D Applicant |
|---|---|
| | n Beneficiary |

| Address: (Apt. No.)          (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|

Oieck *Applicable Ilemfs) below:*

[7] 1. T am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

**District Of Columbia**          p. C. Court of appeals          and am not under a court or administrative agsncy
NUMBICOU
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law._____

[2.1 am an accredited representative Of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3.1 am associated with_____^___
   the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check tka Item, also check Han 1 to- 2 fihichevtr lt apfropnatt.)*

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | 2099 Pennsylvania Avenue NW Suite 100 Washington, P.C. 20006 |

| NAME (Type or Print)  Christopher Nugent | TELEPHONE NUMBER  (202) 419-2428 |
|---|---|

PUKSUANTTO THE PRIVACYACT OF 1974. 1 HERESY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS W ANY IMMIGRATION AND MTURALI2ATION SERff CE SYSTEM 'Of 'RECORDS:
   Christopher Nugent

<Nﬥe of Attﬆmy ar Heprﬀ﬇ﬆﬀtﬀﬅve)

THE ABOVE CONSENTTO DISCLOSURE fS IN CONNECTION WITH TK£ FOLLOWING MATTER;

TOIA request to the Department of Homeland Security

| Name of Person Consenting  Carlos Francisco Jordan-Sagastun© | Signature of Person Consenting | Date  7/12/2007 |
|---|---|---|

(NOTE: Execution of this box *a* required under the Privacy Aet of 1974 where the person being represented is » citizen of the Unitad States or an alien lawfully admitted for permanent ««iﬂence.)

This form may not be wed lo request recordj under the Freedom of lofomiation Act or the ?rivacy Aci The manner of requesting such records is contained in 8CFR 103.10 and 103.20 ELSEQ.

Fom>C-2$(09/2oMO)Y

OMB No. 1653-0030; Expires 1 WOWS

Department of Homeland Security
U.S. Citizenship and Immigration Services

# G-639, Freedom of Information/
## Privacy Act Request

NOTE: The completion of this form is optional. Any written foonat for a Freedom of Information or Privacy Act request is acceptable.

START HERE - Please type or print in black ink. Rend instructions before completing this form.

**1. Type of request:** *(Check appropriate box.)*

jj£] Freedom of Information Act (FOIA). *(Complete all itara except Number 6.)*

Q] Privacy Act (PA). *(Number 6 must be completed In addition to all other applicable items.)*

I  I Amendment. *(PA only, Number S must be completed In addition to all other applicable items.)*

**2. Requester information.**

| Name of Requester: (Last, First end Middle Names) Nugent, Christopher | Date (mm/dd/yyyy) 7/12/2007 | Daytime Telephone: 202-4:9-2428 |
|---|---|---|
| M&rw(S*ee> Number and Name): 2Qg9 pennsylvania ftvenue NW | | Apt, Number: Suite 100 |
| City; Washington | State; 0.c. | Zip Code: • 20QOS |

By my signature, I consent to the following:

Pay all costs incurred for search, duplication and review of materials up to S25.00, when applicable. *(See Instructions.)*

*Signature of requester:*

O Deceased Subject - Proof of death must be attached. *(Obituary, Death Certificate or other proof of death required.)*

**3. Consent to release information.** *(Complete if name is different j/iyftRequester). (Numbers 7 and 8 must be completed.)*

| Print Name of Person Giving Consent Carlos Francisco Jordan-Sagastume | Siclow & If Person. Giving Consent: *(Original signature required.)* |
|---|---|

*By my signature, I consent to the following'. (Check applicable boxes.)*

[X] Allow the Requester named in Number 2 above to review; |x] All of my records, or ☐ A portion of my records, *(Ifaporlion, specify below what part. i.e. copy of application.)*

*(Consent is required for records of U. S. citizens (USC) ant? Lawful Permanent Residents (LPR).*

**4. Information needed to search for record(s),**

Specific information, documents) or record(s) desired; *(identify by name., date, subject matter and location of information.)*

Mr. Jordan Saqastume's entire Alien ("A") File,..including but not limited to his "Apprehension Record," 1-213 record of exportable alien, and any other information*

Purpose: *(Optional: You are not required to state the purpose of your request. However, doing so may assist USCfS to locate the records needed to respond to your request.)* * TejdJeurcUY\a k\"s arrest Ofv September 15, 2006 at 1000 Westpointe Drive in Pittsburgh, PA.

**5. Data needed on subject of record.** *(If data marked with an asterisk (*) is not provided, records may not be located)*

| * Family Name: Jordan-Sagastume | Given Name: Carlos | Middle Name: Francisco |
|---|---|---|
| * Other names used, if any; | * Name at time of entry into the U.S.: | 1-94 Admission it: |
| * Alien Registration Number (Atf) 00-021-787 | * Petition or Claim Receipt #: | * Country of Birth: | * Date of Birth (mm/dd/yyyy) 11/20/1977 |

Names of other farniry members that may appear on requested record(s) *(i.e., Spouse, Daughter, Son):*

| Father's Name    First | Middle | Last |
|---|---|---|
| Mother's Name    First | Middle | Last (Include Maiden Name) |

Form G-639 (Rev, ] !/13/06)Y

| Country of Origin: *(Place of Departure)* | Port-of-Entty Into the U.S.: | | Date of Entry: |
| Manner of Enlry: *(Air, Sea, Land)* | Mode of Travel: *(Name of Carrier)* | | U.S. Social Security Number: |
| Name OQ Naturalization Certificate: | | Certificate #: | Naturalization Date: |
| Address on Date of Naturalization: | | Court and Location: | |

---

**6. Verification of subject's identity:** *(See Instructions for explanation. Check one box.)*

D    In-Person With ID    ☒ Notarized Affidavit of Identity    Q    Other    *(Specify)* _____

**7. Signature of subject of record:**

*(Original signature required)*  *1                        Date: 7/12/2007

Telephone No.: ( €14 ) 206-9191

8. No tary! *(Normally needed from persons who are the subject of the record sought or for a sworn declaration under penalty of perjury. See below.)*

Subscribed and sworn to before me this ___ Day of July ___ in the Year 2007

Signature of Notary _____    My Commission Expires:Nichole R. Rudd

N&Ufy Public, DMflct of Columbia
My Gofflrtiūttofl Expires 1/1V2012

**OR**

N OTE: *If a declaration is provided In lieu of a notarized signature, it must Hate at a minimum the following: (Include Notary Seal or Stamp in the appropriate space below.)*

**Executed outside T.J.S.**

If executed outside the United States: "I declare (certify, verify or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signature: _____

Executed in U.S.

If executed within the United States, its territories, possessions or commonwealths: "I declare (certify, verify or state) under penalty Of perjury that the foregoing is true and correct.

Signature: _____

(Seal/Stamp)                                    (Seal/Stamp)

# Holland+Knight

Tel  2029553000
Fax 202 955 5564

Holland & Knight LLP
209? Pennsylvania Avenue. N.W., Suite WO
Washington. D.C.  20006-4801
www.hktavv.con>

Christopher Nugent
202 419 2428
christopher.mjgent@hklaw.com

**U.S. Overnight, Certified, Return Receipt Request**

August 1, 2007

Department of Homeland Security
U.S. Citizen and Immigration Services
"National Record Center (NRC)
P.O. Box 648010
Lee's Summit, MO 64064-8010

> Re: *Renewed Request for Expedited Freedom of Information/Privacy Act Request* sent
> July 13, 2007 to the Department Of Homeland Security U.S. Citizenship and
> Immigration Services, concerning Carlos Francisco Jordan-Sagastume's Alien File
> (DHS A# 00-021-787) and any other information about his arrest on September 15,
> 2006.

Dear Public Information Officer:

We are writing pursuant to our attached correspondence dated July 13, 2007.  On behalf
of our/wo *bono* client Carlos Francisco Jordan-Sagastume we reiterate our Expedited Freedom
of Information Act Request sent to the U.S. Citizenship and Immigration Services National
Record Center. To date, we have received no communications from your office regarding this
request,  Pursuant to 5 U.S.C.  §  522 (a)(6)(E)(ii)(l), we should have received a respond from you
with in ten days from our initial expedited FOlA request, dated July 13, 2007.

The July 13,2007 G-639 "Freedom of Information/Privacy Act Request" form and
accompanying letter requested the release of the following documentation:

- Carlos Francisco Jordan-Sagastume's entire Alien "A" File. (A# 00-021-787), including
  but not limited to Mr. Jordan-Sagastume's "Apprehension Record," and 1-213 record of
  deportable alien.

* All documents, memoranda, and correspondence (including emails and documents
  memorializing telephone conversations) related to Mr. Jordan-Sagastume's arrest and
  detention on September 15,2006 at 1000 Westpointe Drive, Apt #2 H in Pittsburgh, PA,

" All documents, memoranda, and correspondence (including emails and documents
  memorializing telephone conversations) between the Department of Homeland Security
  and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on
  September 15, 2006.

Department of Homeland Security
August 1, 2007
Page 2


     The July 13, 2007 request respectfully sought expedited processing for this request on the grounds that a compelling need exists, Mr. Jordan-Sagastume is currently in immigration removal proceedings before Immigration Judge Paul W. Schmidt in Arlington, V A. He needs the requested "A" file and other documents in order to meet an Executive Office for Immigration Review - "Immigration Court" filing deadline OH September 10, 2007. Without these documents, Mr. Jordan-Sagastume will be unable to comply with the deadline, necessitating a continuance at needless taxpayer expense. The compelling need of Mr. Jordan-Sagastume to meet his Immigration Court deadline warrants the expedited processing of this request.

     The July 13, 2007 request further noted that provision of the information requested on the 0-639 form is voluntary. We provided all information needed by USCIS to comply with this request for Mr. Jordan-Sagastume's "A" file and all information regarding his arrest and detention.

     Your prompt response to this request will obviate the need for litigation pursuant to 5 U.S.C. § 552(a)(6)(A)(i). We anticipate and thank you for your consideration and look forward to receiving the documents as soon as possible.

     If you have any questions about this request, I can be reached by phone at 202/419-2428 or email at christopher.nugent@hklaw.com. Thank you for your prompt attention to this matter.


Sincerely

Holland & Knight LLP


Christopher Nugent


Enclosures

    (1) A Copy of the letter dated July 13, 2007

    (2) A copy of the Form G-28 "Notice of Entry of Appearance as Attorney or Representative"

    (3) A copy of the Form G-639 "Freedom of Information/Privacy Act Request"

# Holland+Knight

Tel  202 955 3000
Fax ZOZ?5S5564

Holland  & Knight UP
**2099** Pennsylvania  Avenue. N.W.. Suite  100
Washington. O.C.  200M
www.hklaw.com

Christopher Nugent
202 41? 2428
diiristopher.ftugent@hkl3w.com

July 13,2007

Department of Homeland Security
U.S. Citizen and Immigration Services
National Record Center (NRC)
P.O. Box 648010
Lee's Summit, MO 64064-8010

> Re: *Expedited Freedom of Information/Privacy Act Request* to the Department of
> Homeland Security US, Citizenship and Immigration Services, concerning Carlos
> Francisco Jordan-Sagastume's Alien File  (DHS A# 00-021-787) and any other
> information about his arrest on September 15,2006.

Dear Public Information Officer:

This is a formal request for information pursuant to the Freedom of Information Act.
Please find attached  1) form G-28, "Notice of Entry of Appearance as Attorney or
Representative" and 2) form 6-639, Freedom of Information/Privacy Act Request.  As indicated
on attached form G-639, we are requesting copies of the following:

- Carlos Francisco Jordan-Sagastume's entire Alien "A" File. (A# 00-021-787), including
  but not limited to Mr. Jordan-Sagastume's "Apprehension Record," and 1-2! 3 record of
  deportable alien.

- All documents, memoranda, and correspondence (including emails and documents
  memorializing telephone conversations) related to Mr. Jordan-Sagastume's arrest and
  detention on September 15,2006 at 1000 Westpointe Drive, Apt #211 in Pittsburgh, PA,

- All documents, memoranda, and correspondence (including emails and documents
  memorializing telephone conversations) between the Department of Homeland  Security
  and any law enforcement agents present at 1000 Westpointe Drive in Pittsburgh, PA on
  September 15, 2006.

The Freedom of Information Act provides that if some parts of a requested document are
exempt, "reasonably segregable" portions shall be provided.  See 5 U.S.C. § 552(b).
Consequently, if you determine that some or all of the information we have requested is exempt,
please specify the exemption you believe applies and provide me a copy of the remainder of the
information.   We reserve the right to appeal any such decisions.

Department of Homeland Security
My 13, 2007
Page 2

We are prepared to pay reasonable costs for locating the requested material and reproducing it. If, however, the cost of location and reproduction exceeds $150.00 please contact us so that we can make arrangements to view document and determine which we want copied.

We respectfully seek expedited processing for this request on the grounds that a compelling need exists. Mr. Jordan-Sagastume is currently in immigration removal proceedings before Immigration Judge Paul W. Schmidt in Arlington, VA. He needs the requested "A" file and other documents in order to meet an Executive Office for Immigration Review - "Immigration Court" filing deadline on September 10,2007. Without these documents, Mr. Jordan-Sagastume will be unable to comply with the deadline, necessitating a continuance at needless taxpayer expense. The compelling need of Mr, Jordan-Sagastume to meet his Immigration Court deadline warrants the expedited processing of this request. As you know, the statute affords us the right to pursue federal judicial review if we have not received a response within 20 days of filing the request. See 5 U.S.C. § 552(a)(6)(A)(i),

We further note that provision of the information requested on the G-639 form is voluntary. We have provided all information needed by USCIS to comply with this request for Mr, Jordan-Sagastume's "A" file and all information regarding his arrest and detention.

If you have any questions about this request, I can be reached by phone at 202/419-2428 or email at christopher.nugent@hk3aw.com. Thank you in advance for your prompt attention to this matter.

Sincerely

Holland & Knight LLP

Christopher Nugent

Enclosures

(1) G-28 "Notice of Entry of Appearance as Attorney or Representative"
(2) G-639 "Freedom of Information/Privacy Act Request"

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appenrancu - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the tane'a case is pending, and except *at* otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in confoimiry with 8 CTR 103.10, obtain copies of Service records or information therefrom and copies of document! or transcript) of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will *be* surrendered upon final disposition of the case or upon denund. If extra copies of exhibits do not exist, they shall not be famished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: 7/12/2007 |
|---|---|
| Carlos Francisco Jordan Sagastume | iFileNo. A 00-021-787 |

j hereby tttttet my appearance as attorney for (or representative of), and at the request of the following named persoa(sj:

| Name: Carlos Francisco Jordan-Sagas tume | I P Petitioner | D Applicant |
|---|---|---|
| | I *Qft^fyfay* | |

| Address: (Apt. No.) (Number & Street) 769 Cordell Way | (City) Herndon | (State) VA | (Zip Code) 20170-4477 |
|---|---|---|---|

| Wime: | D Petitioner | fj Applicant |
|---|---|---|
| | Ci Beneficiary | |

| Address: (Apt. No.) (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|

*Check/ippIteatlcltemf!)* below:

j/T 1. I am an attorney and s member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
**District of Columbia • D.C. Court of Appeals**_____ and am Hot under a courtor administrative agency
order suspending, enjoining, restraining, disbarring, or otherwise restricting roe in practicing law.    KoncrfCout

Q 2. J am an accredited representative of the following named icligiow, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of recojd previously Clod a notice of appearance in this case and my appearance is at his request. *[Ifyou check ihis Hem, also check Hem tori whichever is appropriate.)*

☐ "4, Others (Explain Fully.)

'^^^QX^^yt-

| COMPLETE ADDRESS 2099 Pennsylvania Avenue NW Suite 100 Washington, D.C. 20006 |
|---|

| NAME (Type or Print) Christopher Nugent | TELEPHONE NUMBER (202) 419-2428 |
|---|---|

*PURSUANT TO THE PRIVACY ACT OF IS74. I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OP RECORDS:*
**Christopher Nugent**

(M‹w at AUcnar or R*prsss‹s‹Xrs›)

*THE ABOVE CONSENT TO DISCLOSURE IS Iff CONNECTION WITH THE FOLLOWING MATTER:*
FOIA request to the Department of Homeland Security

| Name of Person Consenting Carlos Francisco Jordan-Sagastume X | Signature of Person Consenting | Date 7/12/2007 |
|---|---|---|

(NOTE: Elocution of Ihis ban ii required under the Privacy Aet of 1J74 SSSe Ihe person being represented U a citizen of the United Slates or u ilien lawfully Wmited forpermaaentMsiden.ee.)

This form may not bs used to request record! under the Freedom of Information Act or the Privacy Act The manner of requesting such records jj contained in ICFR 103.10 and 103.20 Et-SEQ.

*} M

OMB No. 1653-0030; **Expires** 11/30/OS

Department of Homeland Security
U.S. Citizenship and Immigration Services

# G-639, Freedom of Information/
## Privacy Act Request

NOTE: The completion of this form is optional. Any written formal for a Freedom of Information or Privacy Act request is acceptable.

START HERE - Please type or print in bJatk ink.  Read instructions before completing this form,

### 1. Type of request: *(Check appropriate box.)*

[g]    Freedom of Information Act (FOIA). *(Complete all ileats except Number 6.)*

r~]    Privacy Act (PA). *(Numbeef must be completed in addition to all other applicable items.)*

PI    Amendment. *(PA only, Number 5 musl be completed in addition to all other applicable Hems.)*

### 2. Requester information.

| Name of Requester:   (Last. First and Middle Ksmes)<br><br>Nugent,  Christopher | Date (mmAld/yyyy)<br><br>7/12/2007 | Daytime Telephone:<br><br>202-419-2428 |
|---|---|---|
| Address *(Street Number and Name):*    2099 Pennsylvania Avenue NW<br><br>Q^    Washington | State:  D.c. | Apt. Number:    Suite 100<br><br>Zip Code:    200Q6 |

By ray signature, I cement to the following:

Pay all costs incurred for search, duplication and review of materials up to S25.00, when applicable, *(See Jnstruciions.)*

  Signature of requester:

  Q  Deceased Subject - Proof of death must be attached, *(Obituary, Death Certificate or other proof of death required.)*

### 3. Consent to release information. -*(Complete- if name tsd^erentffo^Reguester}. (Numbers Tandlmust be completed.)*

| Print Name of Person Giving Consent:<br><br>Carlos  Francisco  Jordan-saqasturae | S^Wftti  Person Giving Consent: *(Original signature required)* |
|---|---|

*ly my signature, I consent to the following: (Check applicable boxes)*

|x] Allow the Requester named in Number 2 abov« to rtvie-w:    (x) All of my records, or    (  | A portion of my records. *(If a portion, specify below what part, i.e. copy of application.)*

  *(Consent fa required for records of U. S. citizens (USC) and lawful Permanent Residents (IPS).*

### 4.' Information needed to search for record(s).

Specific information, documents) or iecoid(s) desired: *(Identify by name, date, subject matter and location of information.)*

Mr. Jordan Sagasturns's entire Alien ("A") File, .including but not limited to his "Apprehension Record," 1-213 record of deportable alien, and any other information*

Purpose: *(Optional: You are not required to state the purpose of your request. However, doing so may assist VSCISto locate Ihe records needed to respond to your request.)* * regard ma kfs arrest o\\  S«^Vernloejr |^  *2OO6 at 1000 Westpointe Drive in Pittsburgh, PA.

### 5, Data needed on subject of record. *(If data marked with an asterisk (*) is not provided, records may not be located.)*

| * Family Name:<br>Jordan-Sagastume | Given Name:<br>carloa | Middle Name:<br>Francisco |
|---|---|---|
| * Other names used, if any. | * Name at time of entry into the U.S.: | 1-94 Admission #: |
| * Alien Registration Number: (A*)<br>00-021-787 | * Petition or Claim Receipt #;    * Country of Birth: | * Date of Birth (mm/dd/yyyy)<br>11/20/1977 |

Names of other family members that may appear on requested recotd(s) *(i.e., Spouse, Daughter, Son):*

| .-ither's Name    First | Middle | Last |
|---|---|---|
| Mother's Name    First | Middle | Last (Include Maiden Name) |

FomiG-«9(Rev. 11/I3««Y

7. C

| Country of Origin: *(Place of Departure)* | Port-of-Entry Into the U.S.: | | Date of Entry: |
|---|---|---|---|
| Manner of Entry: *(Air, Sea, Land)* | Mode of Travel; *(Name of Carrier)* | | U.S. Social Security Number: |
| Name on Naturalization Certificate: | | Certificate #: | Naturalization Date: |
| Address on Date of Naturalization: | | Court and Location: | |

6. Verification of subject's identity; *(See Instructions for explanation. Check one box.)*

☐ In-Pcrson With ID    ☒ Notarized Affidavit of Identity    ☐ Other *(Specify)* _____

7. Signature of subject of recordi —

*(Original signature required)* ^ _____    Date: __7/12/2007__

Telephone No.: ( (.\n ) 206-9191

8. Notary: *(Normally needed from persons who are the subject of the record sought or for o sworn declaration under penalty of perjury. See **below.**)*

Subscribed and sworn to before me,flas *i^J* ____ Day of *July* ____ in the Year *2004*

Signature of Notary _____    My Commission Expires Nichole A. Rudd

N ____ j. Wltrlct Of Columbia
My SIIffltttltton Explrw 1/14/2QU

**OR**

NOTE: *I/a declaratioH Is provided in lieu of a notarized signature, It must state at a minimum the following; (Include Notary Seal or Stamp in the appropriate space below.)*

**Executed outside U.S.**

If executed outside the United States: "I declare (certify, verify 'or state) under penalty of perjury under the laws of the United States of America that the fatcgotog is tw« aod correct.

Signature: _____

**Executed in U.S.**

If executed within the United States, its territories, possessions or commonwealths: "I declare (certify, verify or state) under penalty of penury that the foregoing is Crac and correct.

Signature: _____

(SeaVStamp)    (Seal/Stamp)

U.S. **Department** of Homeland Security
**P.O. Box M8010**
Lee's Summit, MO 64064-8010



US. Citizenship
and Immigration
Services

July 30, 2007

NRC2007050618

Christopher Nugent
Attorney at Law
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006

Dear Christopher Nugent:

We received your request for information relating to Carlos Francisco Jordan Sagastume on July 30, 2007.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. 552). It has been assigned the following control number: NRC2007050G18. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 CFR 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.] 0 per copy. The first 100 copies and two hours of search .time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. With this system we consider each request according to the complexity and volume so that requesters with a simple and quick response do not wait for extended periods of time while we review complex voluminous requests. Because of the nature of your request we have placed your request on the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document^), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD, Your records can be viewed on your computer, screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they contact us to request paper copies, Once an attorney has requested paper copies, all future responsive records will be provided via paper — there is no need to call again. For individuals (i.e., non-attorneys) please call our office at (816) 350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.

~7

If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention; FOIA/PA Officer, or call us at (816) 350-5570, or fax any f0lA/PA related correspondence to (816) 350-5785. If you have questions concerning the status of a pending Application or Petition OT any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.  You may also check the status of your FOIA request by writing to USCIS.FOIA@DHS,G6v.

Sincerely,

T, Diane Cejka
Director

U.S. Department of Homeland Security
P.O. Box W8010
Lee's Summit, MO 64064-8010



US. Citizenship
and Immigration
Services

August 8, 2007

NRC20070S0618

Christopher Nugent
Attorney at Law
2099 Pennsylvania Avenue, Suite 100
Washington, DC 20006

Dear Christopher Nugent:

This letter is in response to your request for expedited treatment, regarding the Freedom of Information
Act request for information about the subject: Carlos Francisco Jordan Sagastume, received on July 30,
2007.

On the basis of information you provided, we have determined that expedited processing of your request
is not warranted.  Standards established by the Department of Homeland Security regarding expedited
processing are very strict (6 CFR 5.5(d)) and permit expedited treatment only when the requester
demonstrates that:

    a.   Circumstances in which the lack of expedited treatment could reasonably be expected to pose
         an imminent threat to the life or physical safety of an individual;
    b-   an urgency to inform the public about an actual or alleged federal government activity, if
         made by a person primarily engaged in disseminating information.

In the event you can demonstrate any further showing as to the nature and degree of any of the above
categories, submit this additional information, to this office for reconsideration.

You have the right to appeal this determination by writing to the USCIS FOIA/PA Appeals Office, 111
Massachusetts Avc., NW, Washington, DC 20529, within 60 days of receipt of this letter.  Both the letter
and the envelope should be clearly marked "Freedom of Information Act Appeal."

In the event that you would like your case processed as a Track 3 case, you must comply with the
requirements set forth in the Federal Register Notice and on our website.  You must provide one of the
documents below or your request will not be placed in Track 3.

- Form 1-862, Notice to Appear

- Form I-122 Order to Show Cause

- Form 1-863 Notice of Referral to Immigration Judge

- Written notice of the continuation of a scheduled hearing before the Immigration Judge

Until such time as one of the documents listed above is received, your case will remain in its current
track.

Your request is currently number 78556 on the list of 81337 pending cases to be worked.

**www.uscis.gov**

Z 9

NRC2007050618

We will answer your request as quickly as possible. If you should have any additional questions about your request, please direct your inquiries to this office at the above address. You may also call us at 8 16-350-5570 or fax any correspondence to 816-350-5785.

Sincerely,

T. Diane Cejka
Director

# Exhibit C

DEPARTMENT OF HOMELAND SECURITY
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE
FOIA/PA APPEAL
WASHINGTON, D.C.

IN THE FOIA APPEAL OF CARLOS FRANCISCO JORDAN SAGASTUME
A00021787
NRC 2007050618

TABLE OF PAGES NUMBERS WITHELD IN THEIR ENTIRETY AND EXEMPTIONS CITED
BY DHS FOR THE WITHHOLDING

| Page Number of Documents Withheld in Entirety in DHS FOIA Response | Number of Pages of Document Withheld in Entirety in DHS FOIA | Exemption(s) Cited for Withholding Documents in Entirety in DHS FOIA |
|---|---|---|
| 108 | 1 | (b)(5) |
| 118 | 1 | NONE |
| J35 | 1 | (b)(5), (b)(7)(c) |
| 137 | 1 | (b)(5) |
| 138 | 1 | (b)(2). (b)(5) |
| J39 | 1 | (b)(2),(b)(5),(b)(7)(c) |
| J40 | 1 | (b)(5) |
| 141 | 1 | (b)(5),(b)(7)(c) |
| 142 | 1 | NONE |
| 145 | 1 | (b)(5),  (b)(7)(c) |
| 146 | 1 | (b)(5), (b)(7)(c) |
| 149 | 1 | (b)(7)(c), (b)(7)(e) |
| Total | 12 | |

3 2

# Exhibit D

Nichols, Kevin L (SFR - X56971)

| | |
|---|---|
| From: | Snyder, Anita C [Anita.Snyder@dhs.gov] |
| Sent: | Tuesday, September 25,2007 6:53 AM |
| To: | Nugent, Christopher (WAS - X72428) |
| Subject: | RE: U GDM Decision |

Just found out last night that I was accepted to Newark, start date 10/28/07! I'm working on the 1-213. These officers are impossible to track down. Very busy.

—Original Message—
From; christopher.nugent@hklaw.com[mailto:christopher.nugent@hklaw.com]
Sent: Tuesday, September 25, 2007 9:30 AM
To: Snyder, Anita C
Subject: Re: IJ GDM Decision

Thanks anita! This is great!  In baltimore court today.  Any news from nj or az?

. . . .Original  Message —
From: Snyder, Anita C <Anita.Snyder@dhs.gov>
To: Nugent, Christopher (WAS - X72428)
Sent: Tue Sep 25  09:15:08 2007
Subject: FW: IJ GDM Decision

FYI

All:  pis find attached a favorable decision from IJ Malphrus on an issue that is borderline frivolous in most circumstances: motion to suppress and terminate based on alleged constittuional violations.  IJ Malphrus is on point here with the general non applicability of the exclusionary rule in removal proceedings.

1

7M

RE: Carlos Francisco Jordan-Sagastume- ^ntinuance motion granted- thanks to all u .j. particularly An...   Page 1 of 1

**Nichols, Kevin L (SFR - X56971)**

From:     Snyder, Anita C [Anita.Snyder@dhs.gov]
**Sent:**     Thursday, September 13, 2007 6:35 PM
To:       Nugent, Christopher (WAS - X72428); Briz, Brian A (MIA - X27723); CSTDCIntern; Snyder, Anita C
Subject:  RE: Carlos Francisco Jordan-Sagastume- continuance motion granted- thanks to all and particularly Anita!

Hey Chris-

Fm so sorry, my back went out, today was my first day in the office. I'm'stiil working on the 1-213.

    —Original Message-—
    From:    chrlstopher.nugent@hklaw.com  [Fnajl^cjiri^ptier.nug^nj^lclaw.com}
    **Sent;**   Wednesday, September 12, 2007 4:41 PM
    To;      brian.briz@hklaw,com; CSTDCIntern@hWaw.com; Snyder, Anita C
    Subject:      FW: Carlos Francisco Jordan-Sagastume- continuance motion granted- thanks to all and particularly Anita!

  « File; Carlos Jordan-Sagastume.Joint Motion for Continuance of Briefing Deadlines.PDF »

**Nichols, Kevin L (SFR - X56971)**

| | |
|---|---|
| From: | Snyder, Anita C [Anita.Snyder@dhs.gov] |
| Sent: | Tuesday, September 25, 2007 6:15 AM |
| To: | Nugent, Christopher (WAS - X72428) |
| Subject: | FW: IJ GDM Decision |
| Attachments: | 2007_09_24_21_07_11 ,pdf |

FYI

All; pis find attached a favorable decision from IJ Malphrus on an issue that is borderline frivolous in most
circumstances: motion to suppress and terminate based on alleged constittuional violations.  IJ Malphrus is on point here with
the general non applicability of the exclusionary rule in removal proceedings.

**UNITED** STATES **DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
United States Immigration Court
901 North Stuart Street, Suite 1300
Arlington, Virginia 22203

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | In Removal Proceedings |
| | ) | |
| | ) | |
| ALCALA SALVATIERRA, Teodomiro | ) | **File** No. A# 72-720-864 |
| | ) | |
| | ) | |
| Respondent | } | |

CHARGE:   Section 2 12(a)(6)(A)(i) of the Immigration and Nationality Act ("INA" or
          "Act"), as amended, as an alien present in the United States without being
          admitted or paroled, o'r who arrived in the United States at any time or
          place other than as designated by the Attorney General.

APPLICATIONS:        Motion to terminate removal proceedings.

**APPEARANCES**

FOR THE RESPONDENT:                FOR **THE DHS** ;
Ivan Yacub, Esq.                    Anita C. Snyder, Esq.
307 East Annandale Road, Suite 201  Adam Goldman, Esq.
Falls Church, Virginia 22042        U.S. Department of Homeland Security
                                    901 North Stuart Street, Suite 708
                                    Arlington, VA 22203

**DECISION AND ORDER**

Respondent is a 44-year-old native and citizen of Bolivia who entered the United States without inspection. The Department of Homeland Security ("DHS") issued a Notice to Appear on August 12, 2005.

On December 13, 2006, Respondent filed a motion to suppress evidence and terminate removal proceedings, Respondent alleges in a written statement that on August 1 2, 2005, a Baltimore County police officer properly pulled him over in a routine traffic stop after he changed lanes unlawfully. He states that the officer then asked for his drivers license, which he provided. He states the officer then asked for

1

his social security card, which Respondent said he did not have. The officer then arrested him and transferred him to Immigration and Customs Enforcement ("ICE") custody. Respondent was then placed into removal proceedings. Respondent claims that the request for the social security card establishes that the officer engaged in racial profiling, and thus violated his equal protection rights. Respondent seeks to have the Court subpoena the police officer who stopped him so the officer can be asked whether his request for Respondent's social security card, and his subsequent arrest and transfer of the Respondent to ICE, was racially motivated.

For the following reasons, the Court will deny Respondent's motion for a subpoena, motion to suppress evidence, and motion to terminate removal proceedings. The Court also finds Respondent removable as charged and orders him removed to Bolivia.

<u>DISCUSSION</u>

In removal proceedings, it is the responsibility of DHS to establish identity and alienage, and the burden then shifts to the Respondent to prove the time, place, and manner of entry, and show eligibility for relief from removal. INA § 291; 8 U.S.C. 1361; INA § 240(c)(4)(A); 8 U.S.C. § !229a. The Respondent claims that DHS cannot meet its burden in this case because the officer's request for the Respondent's social security number went beyond the scope of the lawful arrest, constituted racial profiling, and accordingly the evidence must "be suppressed under the exclusionary rule. The court does not agree.

The Supreme Court has held that the exclusionary rule does not apply in civil removal proceedings. INS v, Lopez-Mendoza. 468 U.S. 1302, 104 S.Ct. 3479 (1984). An exception may exist for egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained. Id. at 1050-51. However, the reach of the exclusionary rule outside of the criminal context is not clear. Id. at 1041. In determining where the exclusionary rule is applicable, the Supreme Court conducts a complex balancing analysis to determine whether its deterrence benefits outweigh its substantial costs to truth-seeking and law enforcement. Hudson v. Michigan. 126 S.Ct. 2159, 2163-64 (2006).

This court does not believe that the exclusionary rule applies when a law enforcement officer asks for a social security card after he has made a lawful traffic stop, and then transfers to person to ICE, and this court does not believe that further inquiry through subpoena or other manner is appropriate in this case. The identity of a respondent in civil proceedings, or even a defendant in criminal proceedings, is never suppressible as a fruit of an unlawful arrest, even if an unlawful arrest, search, or interrogation occurred. Lopez, at 1048, Interrogation by a police officer relating to one's identity or a request for identification does not itself constitute a Fourth Amendment seizure. I.N.S. v, Delgado. 466 U.S, 210,216 (1984) (citation ommitted), It is not disputed that the Respondent was properly stopped for a traffic violation, and a police officer clearly has the right to request identity documents in such circumstances. See I.N.S. v. Lopez-Mendoza. 468 U.S. 1032, 1043 (1984). A person who is arrested is not protected by a presumption of citizenship; authorities may draw an adverse inference from someone's silence. Id. at 1043.

Relying on Lopez, the Ninth Circuit has held that questions about identity - including where the person was born ~ may not be suppressed as a result of an illegal arrest. United States v. Guzman-Bruno. 27 F.3d 420 (9th Cir. 1994). The request for Respondent's identification information, including his social security number, was a reasonable request for identity documents and may not be suppressed.

Moreover, there is no allegation that the initial traffic stop was unlawful, and there is insufficient evidence here that the traffic was unlawful to warrant further inquiry. It is not disputed that the traffic stop itself was not racially motivated, as the Respondent admits he was improperly changing lanes, Instead, the Respondent assumes that the request for his social security card after having been provided a drivers license must have been racially motivated. The Respondent's speculation about the motivation of the officer's request for additional identification in the form of a social security card is not sufficient to warrant the searching expedition the Respondent wants the court to undertake, particularly where as here it is not disputed that the initial traffic stop was valid. Cf. U.S. v. Pratt. 239 F.3d 640,645 (4th Cir. 2001) (valid stop for a traffic offense without evidence of racial profiling does not create a reasonable inference that the stop was racially motivated).

Another very practical hurdle the Respondent faces in these proceedings is that DHS can prove alienage using evidence gathered independently of the initial arrest or attenuated from it. Lopez at 1043. DHS has independent ways it could proceed in this proceedings (or by terminating these proceedings and immediately issuing a new charging document). For example, the relevant facts can be established by statements made by the Respondent at the hearing, see Matter of Cervates-Torres. 21 I&N Dec. 351,353 (BIA 1996), although that was not necessary here because the Respondent does not dispute removability.

In removal proceedings, it is the duty of the Immigration Judge to require the Respondent to plead to the charges and admit or deny the allegations regarding his removability. 8 C.F.R. § 240.10(c). The Immigration Judge can subpoena testimony or documents "concerning any matter which is material and relevant to the enforcement" of the INA. INA § 235(d)(4). It is the duty of the Immigration Court to determine whether someone is removable and whether they have any relief from removability so they may remain legally in the United States, not shield someone who is illegally in the United States from the application of the immigration laws. "Applying the exclusionary rule in proceedings that are intended not to punish past transgressions but to prevent their continuance or renewal would require the courts to close their eyes to ongoing violations of the law." Lopez, at 1046. It "would compel the courts to release from. custody persons who would then immediately resume their commission of a crime through their continuing, unlawful presence in this country," Id- at 1050.

If the Respondent wishes to challenge his arrest, the proper avenue would be to bring a constitutional claim in the U.S. District Court. It is not appropriate to use the limited jurisdiction of the immigration administrative proceedings to conduct mis inquiry. Rather than aiding the court in its duties, permitting such an inquiry under the facts and circumstances of this case would substantially impede adjudication of an immigration case in an already overburdened Immigration Court system. Cf.. Matter of Sandoyal. 17 I&N Dec. 17 I&N Dec, 70 (BIA 1979). In the case at hand, the only defense is delay, see id., and "as a

3

general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." INS v. Doherty. 502 U.S. 314,323 (1992).

This Court will deny Respondent's motion to suppress evidence and terminate removal proceedings, as weil as his request for a subpoena.

## REMOVABILITY

The Respondent does not dispute his removability, and does not seek any relief from removal (including voluntary departure). DHS has presented the 1-261, which establishes removability and is inherently reliable to meet the DHS burden regarding removability. See Matter of Ponce-Hemandez. 22 I&N Dec. 784 (BIA1999). The Court finds that removability has been established by clear and convincing evidence. SeeSC.F.R. § 1240.8(a).

## ORJDER

IT IS THEREFORE ORDERED that Respondent's motion to suppress evidence be DENIED.

IT IS FURTHER ORDERED that Respondent's motion to terminate proceedings be DENIED.

IT IS FURTHER ORDERED that Respondent's request for a subpoena be DENIED.

IT IS FURTHER ORDERED that Respondent be removed from the United States to BOLIVIA pursuant to the charge contained in the Notice to Appear.

September 14,2007

Garry D. Malphrus
United States Immigration Judge

4

# Exhibit E

M'V

22 illegal immigrants arrested in local sweep (Pittsburgh)                    Page 1 of 2

Snyder, Anita C

From:  christopher,nugent@hklaw.com
**Sent:**    Tuesday, September 04,2007 7:11 PM
To;      Snyder, Anita C
Subject: 22 illegal immigrants arrested in local sweep (Pittsburgh)

Anita, great to catch up with you and thanks (or filing the joint motion! FYI below Is the article mentioned which I
think pertains to Carlos' arrest. This was the only article I could find on this operation.  Hopefully OHS folks will be
able to explain the role and responsibilities of Pittsburgh police in this action absent 287(g) agreement.  Thanks
again for your hefp with the motion!  Aloha!

Chris

# 22 illegal immigrants arrested in local sweep

Thursday,  September 21,2006
By Paula Reed Ward, Pittsburgh Post-Gazette
Federal immigration and local law enforcement officers arrested 22 people in the Pittsburgh
region who are in this country illegally as part of a five-day sweep across the state and in
Delaware called "Operation Return to Sender."

The operation resulted in the arrests of US people, including fugitives and other immigration
violators. In this area, people were arrested in Robinson, Glassport and Aliquippa.

In Aliquippa, officers went to a home on Spring Street about 6 a.m. Monday, looking for a fugitive who
had an outstanding warrant. That roan wasn't there, said Aliquippa Officer John Gable, but there were
five other illegal Mexican immigrants in the house who were arrested.

In addition, agents found four loaded guns in the house, said Marc Raimondi, a spokesman with U.S.
Immigration  and Customs Enforcement.

Since Operation Return to Sender began in Jate May, there have been more than 12,000 arrests
nationally. Although federal agents specifically target fugitives, any other immigration violators found
can be arrested as well.

"This isn't a random sweep," Mr. Raimondi said. "We're targeting people who have already had their
day in court." They are immigration violators who have been arrested gt least once before — often in
traffic stops — and whose deportation has been ordered by immigration courts.

Vic Walczak, legal director for the ACLU of Pennsylvania, said he doesn't have a problem with federal
agents picking up those who have been found guilty. But he questioned the process used in getting
illegal immigrants to court in the first place. "We're concerned the police may be stopping and
questioning people without having probable cause," he said. "Simply being Latino is not probable cause;
there has to be a legitimate basis for a stop." Otherwise, it's "ethnic profiling," Mr. Walczak said.

The 115 arrested this week are from 29 different countries. ICE officials were not able to say how many
were fugitives, but did say, that just 16 had criminal records. 'There are far more non-criminal fugitive
aliens than criminal," Mr. Raimondi said.

10/17/2007

In fiscal year 2006, which concludes at the end of the month, ICE fugitive teams have arrested more than 23,000 people. There are now 52 such teams, up from 18 last year.

In all, 65 law enforcement officers worked on the most recent operation, including ICE agents and local police officers.

"Although the operation lasted just five days, the planning for it spanned 65 days," Mr. Raimondi said. In this fiscal year, the U.S. attorney's office has prosecuted 60 defendants on immigration violations, up from 35 last year and 22 in 2004.

The vast majority have involved illegal Mexican immigrants, said U.S. Attorney Mary Beth Buchanan. "In the aftermath of the events of September 200], we have had a greater focus on cases involving our borders," she said.

*(Paula Reed Ward can be reached at pward@post-gszeite,CQTp or 412-263-2620. )*

---

**From;**  *Hugent,* Oiristophfr (WAS • X7242B)

Sent:  Tuesday, September CM, 2007 6:59 PM

TO!  CSTDCmtwn; Briz, Brian A (MZA - XJ7723)

Subject:      Re- Carlos Jordan - can someone email me Pittsburgh PA news article t circulated re enforcement operation so that *I can* send ft to Anita?  Thx!

Importance:    High

KY17/2007

^02

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
901 NORTH STUART ST., STE.1300
ARLINGTON, VA  22203


NUGENT, CHRISTOPHER
2099 PENN., AVENUE, STE.,#100
WASHINGTON, DC  20006


Date: Dec 14, 2007

File AOO-021-787

In the Matter of:
   JORDAN-SAGASTUME, CARLOS FRANCISCO

_____Attached is a copy of the written decision of the Immigration Judge.
This decision is final unless an appeal is taken to the Board of
Immigration Appeals,  The enclosed copies of FORM EOIR 26,
Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or
Representative, properly executed, must be filed with the Board of
Immigration Appeals on or before_____.
The appeal must be accompanied by proof of paid fee ($110.00) .

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____You are granted until_____to submit a brief
to this office in support of your appeal.

_____Opposing counsel is granted until_____to submit a
      brief in opposition to the appeal.

_X   Enclosed is a copy of the order/decision of the Immigration Judge.

      All papers filed with the Court shall be accompanied by proof
of service upon opposing counsel.

Sincerely,

Immigration Court Clerk j                     UL

cc: DAVID ORLAND, DHS CHIEF COUNSEL
    901 N. STUART STREET, STE. 708
    ARLINGTON, VA   22203

# Exhibit D

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
901 NORTH STUART ST., STE.1300
ARLINGTON, VA  22203

RE: JORDAN-SAGASTUME, CARLOS FRANCISCO
FILE: A00-021-787

DATE:  Dec 14, 2007

TO:

NUGENT, CHRISTOPHER
2099 PENN., AVENUE, STE.,#100
WASHINGTON, DC  20006

Please take notice that the above captioned case has been scheduled for a
MASTER hearing before the Immigration Court on May 8, 2008 at 10:00 A.M. at:

901 NORTH STUART ST., STE.1300
ARLINGTON, VA - 22203

You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represented, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:  (1) You may be taken into
custody by the Department of Homeland Security and held for further
action. OR (2) Your hearing may be held in your absence under section 240(b)(5)
of the Immigration and Nationality Act.  An order of removal will be entered
against you if the Department of Homeland Security established by
clear, unequivocal and convincing evidence that a) you or your attorney has
been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT
CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION
COURT ARLINGTON, VA  THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180
or 703-305-1662.

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP  [ ] DHS
DATE: \ 2- | ·  | ·  |          BY: COURT STAFF   (              )           V3
     Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
ARLINGTON, VIRGINIA

IN THE MATTER OF:                    )
                                     )
                                     )    File No.: A00-021-787
     Carlos Francisco JORDAN-SAGASTUME   )
                                     )    IN REMOVAL PROCEEDINGS
              Respondent             )
                                     )

## ORDER GRANTING RESPONDENT'S MOTION FOR CONTINUANCE

This cause came to be considered on the Respondent's Motion for Continuance of Briefing Deadlines. For good cause shown, it is hereby

ORDERED and ADJUDGED that the Joint Motion is GRANTED and that the November 7, 2007 scheduling order is modified as follows:

1) Respondent's motion to terminate is due on or before January 28, 2008;

2) the DHS's response to Respondent's motion to terminate is due on or before March 27, 2008; and

3) the *Master* hearing on Respondent's motion to terminate shall be held on May 8, 2008 @ 10 a.m.

DONE and ORDERED in Arlington, Virginia, this 11th date of Dec 2007.

Paul W. Schmidt
Immigration Judge

Copies to:

Silvia Wang, DHS ICE Office of Chief Counsel
Christopher Nugent, Esq.

# 4988919_v1

7