UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS FRANCISCO JORDAN-SAGASTUME,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0077 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS
MOTION FOR AN *OPEN AMERICA* STAY**

Defendant Department of Homeland Security ("DHS," "Agency," or "Defendant") hereby respectfully submits this reply in further support of its Motion for an *Open America* Stay ("Motion"). For the reasons stated in Defendant's opening Memorandum of Points and Authorities in Support of its Motion ("Opening Brief") and the reasons stated below, an *Open America* stay is proper in this action.

**PRELIMINARY STATEMENT**

In his Opposition to Defendant's Motion for an Open America Stay ("Opposition"), Plaintiff does not even attempt to refute the facts presented in Defendant's Opening Brief, which clearly support entering an *Open America* stay in this action. Instead, Plaintiff casts aspersions on Defendant's motives for seeking such a stay, argues that *Open America* places a nearly insurmountable burden upon Defendant in seeking such a stay, asserts that Defendant has failed to use due diligence in its efforts to process Plaintiff's FOIA Request,[1] and argues that Plaintiff's

---

[1] Terms used herein are intended to have the same meaning as terms defined in Defendant's Opening Brief.

FOIA Request is so urgent that it should have priority over other similar requests. For a number of reasons, these arguments are simply without merit.

As an initial matter, Plaintiff argues that Defendant's Motion is "the latest in a series of dilatory tactics," (Opp. at 1, 8) and later argues that Defendant did not inform Plaintiff of its intent to file for such a stay when it sought an extension of time to respond to the Complaint. Opp. at 2. These arguments are irrelevant and contrary to the record. As noted in the Opening Brief, USCIS receives approximately 100,000 FOIA requests and nearly 1,000 FOIA appeals each year, including a substantial number of requests seeking the release of A-File information to individuals presently involved in immigration proceedings. Indeed, because of the large number of A-File requests, USCIS has instituted a separate FOIA processing track for such requests. *See* Open. Br. at 4, 8. In light of this tremendous volume, Plaintiff's allegation that somehow Defendant is engaging in bad faith, delay tactics to string out a final decision on Plaintiff's FOIA Request in the hopes of gaining an advantage in Plaintiff's Removal Proceedings, is meritless and completely ignores the record and the facts presented in Defendant's Opening Brief.

Moreover, contrary to Plaintiff's assertions, Defendant's Motion for a stay was its response to Plaintiff's Complaint. Notwithstanding Plaintiff's spurious implications, Defendant, through counsel, never represented that it would answer the Complaint or how it would respond to the Complaint in seeking Plaintiff's consent to an extension. Indeed, Defendant specifically noted it was asking for more time "to evaluate the claims and determine *how* to respond to the Complaint." EOT Motion at 2, Docket Entry No. 3.[2]

---

[2] Even if Plaintiff, through counsel, somehow misconstrued Defendant's request for an extension, surely this language in Defendant's motion for an extension of time should have prompted Plaintiff, at the very least, to contact defense counsel and inquire as to how Defendant intended to respond if Plaintiff's consent was conditioned upon a particular manner of response. Moreover, when defense counsel contacted Plaintiff's counsel to learn its position on this *Open America* Motion, although Plaintiff's counsel generally explained why Plaintiff was going to oppose such Motion, Plaintiff did not raise this issue.

Plaintiff's remaining arguments are equally without merit as explained below.

## ARGUMENT

**I.     PLAINTIFF MISCHARACTERIZES DEFENDANT'S ARGUMENTS AND THE STANDARD FOR AN *OPEN AMERICA* STAY.**

Plaintiff begins his legal argument by asserting that the standard for granting an *Open America* stay is high.  *See* Opp. at 4.  In support, Plaintiff cites three cases, two of which are unreported and not controlling, and all of which concern stays under the Court's inherent discretion -- not stays under the specific statutory provision of FOIA.  *See Pelzer v. City of Phila.*, Civ. A. No. 07-0038, 2007 WL 1377662, *2 (E.D. Pa. May 7, 2007) (analyzing the propriety of a stay under the court's broad discretion, applying five prong test distinct from *Open America*); *Am. Honda Motor Co. v. Coast Distrib. Sys., Inc.*, No. C. 06-04752 (JSW), 2007 WL 672521, *2 (N.D. Cal. Feb. 26, 2007) (analyzing the propriety of a stay under the court's broad discretion, applying three prong test distinct from *Open America*); *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (finding a court's stay of an action against the then sitting President to be an abuse of discretion under the court's inherent power to stay proceedings).  While Defendant agrees with the general proposition that the burden in an application for a stay is on the party seeking it, this burden is not as insurmountable as Plaintiff implies.  Indeed, based upon the substantial, undisputed evidence presented in its Opening Brief, Defendant believes that it has met its burden.

Plaintiff continues by setting up a straw-man argument, asserting that Defendant has argued that an *Open America* stay is "automatic" when an agency has a burdensome backlog.  In making this argument Plaintiff apparently ignored the totality of Defendant's Opening Brief, which among other things, specifically denounces this premise.  *See* Open. Br. at 12.  Moreover, contrary to Plaintiff's implications, in its Opening Brief, Defendant expressly notes the four

*Open America* elements, cites to the same supporting authority for such elements as Plaintiff does in his Opposition (*Elec. Frontier Found. v. Dep't of Justice*, 517 F. Supp. 2d 111, 120 (D.D.C. 2007) (Kollar-Kotelly, J.) (granting an *Open America* stay)), and then explains how the undisputed evidence clearly supports each of the *Open America* elements. *See* Open. Br. at 11-14.[3] Defendant does not rely upon any automatic application of *Open America*; rather it presents compelling, undisputed facts that support each element of the *Open America* test.

## II.   CONTRARY TO PLAINTIFF'S ASSERTIONS, DEFENDANT HAS SHOWN DUE DILIGENCE.

After attempting to inflate Defendant's burden for seeking an *Open America* stay, Plaintiff next argues that Defendant has failed to establish the third element of the *Open America* test -- due diligence.[4] In support, Plaintiff argues that the cases in which *Open America* stays have been granted concern "massive amounts of documents," which this case does not involve, and Defendant has failed to explain why it has not previously responded to Plaintiff's FOIA Appeal. *See* Opp. at 5-6. Plaintiff's arguments are without merit.

As Plaintiff himself notes in his Opposition, if an agency employs a "first-in, first-out" policy for processing FOIA requests and appeals, it is presumed to have exercised sufficient due diligence for purposes of an *Open America* stay. *See* Opp. at 5; *see also Open America,* 547 F.2d at 614 ("treating each request on a first-in, first-out basis after initially separating the requests into the simple and the difficult tasks for appropriate processing, is anything but fair, orderly, and the most efficient procedure which can be adopted under the circumstances"). Indeed, numerous decisions in this District have concluded that a first-in, first-out procedure is sufficient to show

---

[3]   Moreover, throughout its straw-man argument, Plaintiff attempts to color the *Open America* test by describing it as "stringent" (*see* Opp. at 4) or requiring a "compelling showing." Opp. at 5. Plaintiff, however, fails to provide any support for these characterizations of the *Open America* test.

[4]   In his Opposition, Plaintiff does not challenge Defendant's showing as to the other three elements of the *Open America* test; thereby conceding that Defendant's substantial, undisputed evidence supports these elements.

due diligence under *Open America*. *See, e.g.*, *Elec. Frontier Found.*, 517 F. Supp. 2d at 119 ("DOJ employs a 'first-in, first-out' policy for handling FOIA requests, which has been 'adopted by the D.C. Circuit as [a] sufficient showing of due diligence.'"), *quoting Edmond v. U.S. Attorney*, 959 F. Supp. 1, 3 (D.D.C. 1997) (granting one year *Open America* stay); *Ctr. for Public Integrity v. U.S. Dep't of State*, Civ. A. No. 05-2313 (JDB), 2006 WL 1073066, *2 (D.D.C. Apr. 24, 2006) (granting *Open America* stay, holding "cases subsequent to the amendments have continued to hold that, where an agency is making good faith efforts and exercising due diligence in processing requests on a first-in, first-out basis, a stay of proceedings is authorized so long as the agency also demonstrates reasonable progress in reducing its backlog of pending requests") (internal quotations omitted). Accordingly, because the Agency in this case has utilized a first-in, first-out process for addressing Track III FOIA appeals, it has exercised due diligence under *Open America*.

In an attempt to avoid this well established holding, Plaintiff argues that despite the first-in, first-out processing of his FOIA Appeal, the Agency has refused to use due diligence because his appeal concerns only a few pages of documents. This argument misses the point. The whole purpose of the first-in, first-out process is to consider FOIA appeals in the order in which they are filed, regardless of their merits or size, after an initial grouping by Track is made. Indeed, the FOIA appeals that are before Plaintiff's in the Track III queue, all concern requests for the release of A-File information brought by individuals with pending immigration cases. *See* Open. Br. at 4 (description of Track III processing). Accordingly, "[t]he sheer lack of volume of responsive documents" (Opp. at 6), even if true, is simply irrelevant when Plaintiff's FOIA Appeal will be processed in a first-in, first-out manner. *See generally Edmond*, 959 F. Supp. at 3 ("[t]he process of handling FOIA requests on a 'first-in, first-out' basis, which has been

employed by the [ ] agencies, has been adopted by the D.C. Circuit as sufficient showing of due diligence. . . . Plaintiff does not argue that the 'first-in, first-out' procedure is unfair, but that the inability to process FOIA requests more quickly constitutes a *per se* failure to meet the due diligence requirement. There is no basis in law for such a claim. Courts have uniformly granted the government reasonable periods of time in which to review FOIA requests when there is a backlog.").[5]

Moreover, as noted in Defendant's Opening Brief, the Agency has taken substantial, proactive steps to reduce its backlog and improve its processing times for FOIA requests and appeals. Open. Br. at 8-10. In particular, USCIS has implemented Track III for both requests and appeals to provide requesters who are currently subject to immigration proceedings a more expedient process to obtain A-File information. *See* Open. Br. at 4, 8. Contrary to Plaintiff's assertions, these improvements can only be viewed as "a solid record of agency diligence, and a demonstrable plan for clearing the roadblocks that lead to FOIA backlogs." Opp. at 6.[6]

### III.   PLAINTIFF DOES NOT HAVE SUFFICIENT URGENCY TO LEAPFROG ALL SIMILAR REQUESTS IN DEFENDANT'S TRACK III FOIA APPEALS QUEUE.

In a last attempt to avoid the straightforward application of *Open America* to the undisputed facts presented in Defendant's Opening Brief, Plaintiff argues that he has an "exceptional need" for the requested documents and that the Agency should leapfrog Plaintiff's FOIA Appeal to the front of the Track III appeal line due to its urgency. In making this argument it appears that Plaintiff has again completely ignored Defendant's Opening Brief. As

---

[5]   Furthermore, as noted in Defendant's Opening Brief, *Open America* stays are equally available to allow an agency to consider and decide a FOIA appeal, which, as here, typically involve a lesser volume of documents than FOIA requests. *See* Open. Br. at 13. Plaintiff does not challenge this notion.

[6]   Moreover, the Agency has diligently addressed its Track III FOIA appeal queue. As noted in the attached supplemental Declaration of Tracy A. Bellisime, as of March 26, 2008, Plaintiff's FOIA Appeal is now 38th in a queue of 105 pending Track III FOIA appeals. *See* Bellisime Supp. Decl. at ¶ 4, Attached Ex. A. Previously, as of February 8, 2008, Plaintiff's FOIA Appeal was 66th in the then queue of 88 pending Track III FOIA appeals. *See* Bellisime Decl. at ¶ 13, Motion at Ex. B.

Defendant notes in its Opening Brief, all Track III FOIA Appeals concern requests for information in their A-Files brought by individuals facing immigration proceedings. *See* Open. Br. at 4, 8. That is, the only way an individual's request can be assigned to Track III processing, is if the individual, like Plaintiff, submits proof that he or she is currently subject to immigration proceedings. *See id.* Accordingly, because all requesters before Plaintiff in the Track III FOIA appeals queue are similarly situated to Plaintiff, Plaintiff cannot argue that his claim is somehow more urgent than the appeals of such other requesters.

Moreover, the authorities Plaintiff cites in support of his argument undermine his claims for expedited treatment. For example, Plaintiff cites *Williams v. F.B.I.*, Civ. A. No. 99-3378 (AK), 2000 WL 1763680, *2 (D.D.C. Nov. 30, 2000), for the proposition that an exceptional need or urgency for FOIA requested documents may be shown "if the requester's life or personal safety or *substantial due process rights*, would be jeopardized by the failure to process a request immediately." *Id.* (emphasis supplied by Plaintiff). However, in *Williams*, after Magistrate Judge Kay noted this general rule, he concluded that plaintiff *had not* presented a case for exceptional need even though plaintiff argued that he needed the requested documents for use in his defense against criminal charges. *Id.*[7]

Further, Plaintiff has failed to show how the requested, but withheld, documents are necessary for his removal proceedings or how an *Open America* stay would prejudice Plaintiff. As to the former, when a FOIA requester claims exceptional need for withheld documents based upon a criminal parallel proceeding, the requester must show that the requested documents are

---

[7] Plaintiff's request for expedited treatment is further undermined by his actions. That is, although Plaintiff could have brought suit in this Court after the Agency failed to act on his FOIA Request within 20 business days, Plaintiff chose to wait for four months to receive the Agency's initial response. *See* Opp. at 2. If Plaintiff had filed suit before the Agency responded to his FOIA Request, he would not have been required to file a FOIA Appeal before seeking relief in this Court. Thus, Plaintiff's own inaction has contributed to the delay of which he now complains.

likely to contain materially exculpatory information in order for the requester to show exceptional need or urgency. *Edmond,* 959 F. Supp. at 4; *see also Williams*, 2000 WL 1763680, at *2 ("mere unsupported allegations that the documents requested may contain exculpatory evidence cannot support expedited processing"). Similarly, Plaintiff should have to show, beyond mere allegations, that the requested information is necessary to his Removal Proceedings. Plaintiff, however, fails to meet this burden.

Furthermore, Plaintiff has failed to show how he will be prejudiced by an *Open America* stay. As Plaintiff notes in his Opposition, the Honorable Paul W. Schmidt of the United States Immigration Court in Arlington, Virginia has graciously granted multiple extensions in Plaintiff's Removal Proceedings based, in part, upon the pendency of this FOIA litigation. *See* Opp. at 3. Even if Plaintiff's Opposition were not otherwise meritless, Judge Schmidt's continued willingness to extend Plaintiff's deadlines until Plaintiff resolves this FOIA action negates any potential prejudice to Plaintiff that would arise from the brief, two month, requested stay.

Accordingly, an *Open America* stay is appropriate in this action.

\*   \*   \*

## CONCLUSION

For the foregoing reasons and those stated in Defendant's Opening Brief, the Court should stay this action for two months.

Dated: March 27, 2008
       Washington, DC

                                        Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

# EXHIBIT A

Case 1:08-cv-00077-RWR     Document 6-2     Filed 03/27/2008     Page 1 of 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CARLOS FRANCISCO JORDAN-SAGASTUME,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 08-0077 (RWR)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DECLARATION OF TRACY A. BELLISIME**

I, TRACY A. BELLISIME, hereby declare:

1. I am the Chief, FOIA/PA Appeals Unit, in the Freedom of Information and Privacy Acts ("FOIA/PA") Unit, National Records Center ("NRC"), United States Citizenship and Immigration Services ("USCIS"), within the Department of Homeland Security ("DHS"), in Lee's Summit, Missouri. Through the exercise of my official duties, I am generally familiar with Plaintiff's civil action and the status of his FOIA appeal.

2. On March 7, 2008, I submitted a Declaration on behalf of the Agency in support of Defendant's Motion for an *Open America* Stay in the above-captioned matter.

3. The following Supplemental Declaration serves to provide a status update of the Agency's processing of Plaintiff's pending FOIA appeal.

4. As of March 26, 2008, Plaintiff's FOIA appeal is currently 38th in the queue of 105 pending Track III FOIA appeals.

5. Based on the number of Track III appeals that will be adjudicated before Plaintiff's FOIA appeal is considered, the Appeals Office estimates that it will likely review the

merits of Plaintiff's FOIA appeal and issue a decision, including any order to provide supplemental releases to Plaintiff, within approximately four to six weeks.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 26, 2008.

Tracy Bellisime
Chief, Appeals Unit
Freedom of Information Act & Privacy Act